## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**ERIC SCOTT MYERS,**

      **Petitioner,**

**v.**                                  **Case No. 3:18cv223-LC/CAS**

**MARK S. INCH, Secretary,**
**Florida Department of Corrections,**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On January 31, 2018, Petitioner, Eric Scott Myers, a prisoner in the custody of the Florida Department of Corrections, proceeding pro se under the mailbox rule, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pursuant to a motion for leave to amend filed on April 20, 2018, and order entered May 1, 2018, ECF No. 13, Petitioner filed an amended § 2254 petition with exhibits. ECF No. 12. Respondent filed a response and record exhibits on January 9, 2019. ECF No. 38. On February 1, 2019, Petitioner filed a motion to expand the record, which was denied on February 8, 2019. ECF Nos. 41, 42. Petitioner filed a reply on May 3, 2019. ECF No. 49.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons set forth herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

## Background and Procedural History

On December 9, 2003, Petitioner was charged by Information filed in the circuit court of Okaloosa County, Florida, in case number 2003CF2275, with Count 1, home invasion robbery of Charlotte Romfo and/or her son Jeremiah Romfo on November 20, 2003; and Count 2, grand theft of a 2000 Chevrolet automobile belonging to Charlotte Romfo. Ex. A at 11.[1]  An Amended Information was filed on October 6, 2004, charging the same crime as was charged in the original Information, adding only a specification of a statutory subsection.  ECF No. 12-2 at 45.  Also on

---

[1] Hereinafter, citations to the state court record, "Ex. –," refer to exhibits A through WW submitted in conjunction with Respondent's answer.  *See* ECF No. 38, 38-1 through 38-17.

October 6, 2004, the State filed a notice of intent to seek sentence enhancement as a habitual felony offender or habitual violent felony offender.  Ex. A at 15.  Jury trial was held on October 11-12, 2004.  Exs. C, D.  Petitioner was found guilty as charged.  Ex. A at 58; Ex. D at 324.

Petitioner was sentenced for these convictions in case number 2003CF2275 and for two other earlier cases on November 15, 2004.  Case number 2001CF1602 involved a plea to possession of cocaine for which he received probation on January 2, 2002, and community control on October 16, 2003, after violation of probation. Ex. EE at 111.  Case number 2003CF1281 involved grand theft of a firearm for which he was placed on community control on October 16, 2003.  *See id.*  On November 15, 2004, after Petitioner was found to have violated community control,[2] he was sentenced to five years on the possession of cocaine conviction with credit for time served of 368 days.  He was sentenced to five years imprisonment on the theft of firearm conviction, with credit for time served of 363 days. He was sentenced to thirty years in prison on the home invasion robbery conviction with credit for time served of 361 days, and five years

---

[2] Testimony was taken outside the presence of the jury at the jury trial of case number 2003CF2275 concerning Petitioner's violations while on community control in the two earlier cases.  Ex. C  at 188-97.  At the conclusion of the trial, the judge found that Petitioner had violated his community control.  Ex. D at 328.

imprisonment for the grand theft auto conviction.  Ex. A at 59-65; Ex. B at 91-92.  All sentences were to run consecutively.  Ex. A at 62, 65; Ex. B at 91-92.  Petitioner was designated a habitual felony offender as to case number 2003CF2275 pursuant to section 775.084(4)(a), Florida Statutes.  Ex. A at 63, 92; Ex. E at 112.

Two notices of appeal were filed from the convictions and sentences.  In one, opened as case number 1D04-5650, the appeal was dismissed for failure to pay a filing fee.  Ex. M.  In the other, opened as case number 1D04-5483, the appeal proceeded with appellate counsel, who filed an Anders brief.  During that appeal, jurisdiction was relinquished to the trial court to attempt to reconstruct the record of opening statements.  Ex. QQ.  The record was partially reconstructed, Ex. G at 159-60, and Petitioner was allowed to file a pro se initial brief.  Ex. H.

On March 7, 2006, also during the direct appeal, Petitioner filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2).  Ex. E at 94-96.  The motion was granted in part, Ex. E at 109, and his judgment and sentence was amended on April 13, 2006, making his sentence for grand theft auto concurrent to the sentence for home invasion robbery, and clarifying that he was sentenced as a habitual felony offender only in case number 2003CF2275.  Ex. E at 116-27.  A second

motion to correct sentencing error, Ex. F at 129-39, was denied on August

18, 2006.  Ex. F at 140-44.  Petitioner appealed these rulings during the

direct appeal.  The appellate court affirmed per curiam.  Exs. H, J.  The

mandate was issued on August 28, 2008.  Ex. L.  *See* Myers v. State, 987

So. 2d 1214 (Fla. 1st DCA 2008) (table).

On August 30, 2010, in case number 2001CF1602, Petitioner filed a

motion for post-conviction relief pursuant to Florida Rule of Criminal

Procedure 3.850.[3]  Ex. P at 1-18.  The State responded.  Ex. P at 48-54.

After the post-conviction court denied Petitioner's motion to dismiss the

State's response on December 1, 2010, Ex. O at 28, he appealed to the

First District Court of Appeal.  The court dismissed the appeal for

untimeliness and for failure to pay the filing fee.[4]  Ex. O.  The post-

conviction court subsequently denied the Rule 3.850 motion on January 13,

2011.  Ex. P at 68-69.  The court stated that the grounds presented relate

---

[3] The claims raised in the August 30, 2010, Rule 3.850 motion filed in case number 2001CF1602, were: (1) deprivation of access to courts due to administrative confinement during 2007-2009 and property was lost or stolen; (2) ineffective assistance of court-appointed counsel who refused to act as instructed and file motions to suppress; (3) unlawful search and seizure and undue detention past time necessary for investigatory traffic stop; (4) unlawful and unnecessary detention and arrest; (5) violation of due process during stop and search by officer producing contraband; (6) violation of due process by official's filing fictitious Information charging possession of controlled substance; (7) violation of equal protection and effective assistance of counsel by State concealment of unlawful acts of law enforcement officials and denial of appointed counsel.  Ex. P at 1-16.

[4] Florida First District Court of Appeal Case No. 1D11-151.

back to the original 2002 conviction for the offenses for which Petitioner pled no contest and received probation and did not appeal. *Id.* at 68. The court noted that community control was subsequently revoked and sentences were entered on 2001CF1602 along with the other two cases in 2004. In denying the Rule 3.850 motion, the court stated in reference to one of the other two cases, "Even if the Defendant was able to file a timely motion for post-conviction relief directed to the 2003 charges—which were not final for post-conviction purposes until their affirmation on appeal—his motion in the instant matter is untimely and must be denied." *Id.* Petitioner appealed this denial of relief in case number 1D11-0886 and the court affirmed per curiam without opinion on April 5, 2011. The mandate was issued on May 3, 2011. Ex. Q. *See* <u>Myers v. State</u>, 58 So. 3d 264 (Fla. 1st DCA 2011) (table). Petitioner sought review in the Florida Supreme Court, which dismissed the case for lack of jurisdiction on May 12, 2011. Ex. R. *See* <u>Myers v. State</u>, 63 So. 3d 750 (Fla. 2011).

Also on August 30, 2010, Petitioner filed a Rule 3.850 motion in case number 2003CF2275.[5] Ex. TT at 1-36. A hearing was held on three of the

---

[5] The post-conviction claims raised in regard to case number 2003CF2275 were: (1) lack of access to law library; (2) ineffective assistance of counsel (IAC) for failure to object to unlisted witness; (3) violation of equal protection and due process and IAC for failure to object to vindictive sentencing; (4) misconduct by prosecutor; (5) IAC of counsel at sentencing for failure to object to HFO enhancement; (6) misconduct by prosecutor in contacting Petitioner's family re plea; (7) violation of due process and IAC

claims on December 7, 2011, Ex. VV at 373-504, and all the claims were denied on January 17, 2012.  Ex. UU at 336- 38.  Petitioner appealed but the appeal, case number 1D12-456, was dismissed for failure to comply with the appellate court's order to file an initial brief.  Ex. T.

On February 8, 2011, Petitioner filed a motion for release of records and material, which was denied.  Petitioner appealed in case number 1D11-1661, and the court dismissed the appeal for failure to pay the filing fee and for failing to attach a conformed copy of the order being appealed.  Ex. S.

Petitioner filed a third motion to correct sentence on February 22, 2012, in all three circuit court case numbers.[6]  Ex. U at 1-7.  The motion was denied on March 16, 2012.  Ex. U at 20-21.  The circuit court stated that the request for certain jail credit while incarcerated prior to transport to Okaloosa County was not readily apparent on the face of the record and

---

for allowing jury to see Petitioner in jail garb; (8) IAC for failure to move for discharge; (9) IAC by counsel conceding guilt in opening statement; (10) violation of due process and presumption of innocence; (11) IAC in failure to object to prosecutor's improper statements; (12) prosecutorial misconduct and shifting burden of proof; and (13) IAC for failure to move to suppress or object to testimony of investigator.  Ex. TT at 1-17; 34-36 (amended motion).  The record does not show any claims (14) through (18) but Petitioner added claims (19) unspecified violation of constitutional rights; (20) IAC for counsel's admitted substance abuse not disclosed to Petitioner; and (21) cell too small.  Ex. TT at 47-50.

[6] The claims raised in the third motion to correct sentence were: jail credit not properly given and insufficient basis for HFO sentence.  Ex. U at 1-7.

therefore was not cognizable in a Rule 3.800(a) motion and should be raised in a Rule 3.850 motion. Ex. U at 20. The court found that even considering the jail credit claim in that format, the motion was untimely under Rule 3.850 and must be denied. *Id.* The court also found that Petitioner's claim for prison credit after sentencing but before transport to the Department of Corrections (DOC) was not cognizable under Rule 3.800(a) or Rule 3.850 and seeks an administrative remedy that must be administratively exhausted and reviewed by petition for writ of mandamus. *Id.* at 21. Petitioner appealed in case number 1D12-1850. Ex. V. After the case was dismissed and then reinstated, Petition filed in the same case a petition for writ of coram nobis, which was denied, and briefing was ordered to proceed in the appeal.[7] Petitioner filed a request for review of the denial in the Florida Supreme Court, which was dismissed for lack of jurisdiction (in case number SC12-2009) on October 3, 2012. Ex. Y. On May 13, 2013, the appellate court affirmed denial of relief on the Rule 3.800(a) motion per curiam without opinion. Ex. X. The mandate was issued on July 26, 2013. *Id.* *See* Myers v. State, 116 So. 3d 386 (Fla. 1st DCA 2013) (table). Discretionary review of that affirmance was sought in the Florida

---

[7] *See* Docket, First District Court of Appeal, Case No. 1D12-1850, found at: . http://onlinedocketsdca.flcourts.org/DCAResults/CaseDocket?Searchtype=Case+Number&Court=1&CaseYear=2012&CaseNumber=1850.

Supreme Court, which dismissed review (in case number SC13-1727) for lack of jurisdiction.  Ex. DD

On June 20, 2013, Petitioner filed a petition for writ of coram nobis in the First District Court of Appeal, in new case number 1D12-2958.  Ex. Z. The petition was denied on July 15, 2013, based on Wood v. State, 750 So. 2d 592, 594-95 (Fla. 1999) (holding that time limits in Rule 3.850(b) apply to a petition for writ of coram nobis and the petition cannot breathe life into post-conviction claims that have been held to be barred).  Ex. AA.

On August 5, 2013, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court in case number SC13-1533, which was denied as procedurally barred on January 22, 2014.  Ex. BB.  On August 26, 2013, Petitioner filed an appeal in the First District Court of Appeal of denial of a petition for writ of coram nobis, which was dismissed for failure to pay a filing fee and to provide a conformed copy of the order being appealed on October 28, 2013.  Ex. CC (case number 1D13-4083).

On March 9, 2015, Petitioner filed another motion to correct illegal sentence, Ex. EE at 1-98.  The motion was denied in part and granted in part on April 2, 2015.  Ex. EE at 99-130.  The court denied the claim that the evidence at sentencing did not support the habitual offender designation.  Ex. EE at 100.  On April 2, 2015, the trial court granted

correction of the amended judgment and sentence to allow a total of 368 days of jail credit in circuit court case number 2001CF1602, 363 days in case number 2003CF1281, and 361 days in case number 2003CF2275, *nunc pro tunc* to November 15, 2004.  Ex. EE at 101.  Petitioner appealed to the First District Court of Appeal in case number 1D15-2290, and the court affirmed per curiam on December 1, 2015.  The mandate issued on December 29, 2015.  Ex. HH.  *See* Myers v. State, 179 So. 3d 322 (Fla. 1st DCA 2015) (table).

On July 9, 2015, Petitioner filed another motion to correct "fundamental sentencing error" under Florida Rule of Criminal Procedure 3.800(b)(2).  *See* July 9, 2015 entry, Circuit Court docket p. 11 of 11, Ex. EE.  The motion was dismissed on September 30, 2015.  Petitioner appealed to the First District Court of Appeal, case number 1D15-4205, which was dismissed on November 17, 2015, for failure to pay the filing fee.  Ex. II.  An appeal filed September 15, 2015, was dismissed in case number 1D15-4390 for failure to pay the filing fee.  Ex. JJ.

On January 5, 2017, Petitioner filed a petition for writ of habeas corpus in the trial court.[8]  Ex. KK at 4-172.  The petition was dismissed on

---

[8] Claims raised in the Petition for Writ of Habeas Corpus filed January 5, 2017, were: (1) error in trial court's failure to ensure counsel or Petitioner was present when record was being reconstructed and related appellate counsel error (Ex. KK at 11);

January 11, 2017, for raising untimely Rule 3.850 claims. Ex. KK at 173-81. Petitioner appealed to the First District Court of Appeal which affirmed per curiam in case number 1D17-803 on August 9, 2017. Ex. NN. The mandate was issued on October 18, 2017. *Id.* *See* <u>Myers v. Jones</u>, 232 So. 3d 330 (Fla. 1st DCA 2017) (table). The Florida Supreme Court dismissed the petition for discretionary review for lack of jurisdiction in case number SC17-1992. Ex. OO, PP.

On April 20, 2018, Petitioner filed his amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court asserting thirty-eight grounds for relief.[9] ECF No. 12.

---

(2) appellate court error in failing to acknowledge due process violation in incomplete record of opening statements (Ex. KK at 17); (3) trial court denial of due process in 2001CF1602 in failing, *sua sponte*, to protect Petitioner from unlawful detention and pat down without probable cause (Ex. KK at 23); (4) trial court error in finding probable cause for felony level offense at preliminary hearing based on hearsay negating jurisdiction in case number 2001CF1602 (Ex. KK at 31); (5) trial court error and violation of due process in finding motion to withdraw plea untimely in case numbers 2001CF1602 and 2003CF1281 (Ex. KK at 39); (6) appellate court error and violation of 6th and 14th Amendments by failing to address trial court negligence in failing to conduct a <u>Richardson</u> inquiry for failure to list a witness (Ex. KK at 43); (7) IAC of appellate counsel for filing <u>Anders</u> brief with incomplete record (Ex. Kk at 48); and (8) trial court error in sentencing Petitioner as HFO at original sentencing without due process, absent competent counsel, and vindictively (Ex. KK at 54).

[9] Petitioner filed in this Court an earlier document on January 5, 2017, titled Petition for Writ of Habeas Corpus and styled in the Circuit Court of Okaloosa County, Florida. Case No. 3:17cv13-RV/CJK, ECF No. 1. The document was opened as a § 2254 petition but Petitioner notified the Court that the document was an exhibit to a document titled Notice of Formal Inquiry which sought clarification of filing deadlines and other matters pertaining to § 2254. *See id.* at ECF No. 6. The Notice of Inquiry was denied. *Id.* In a separate case filed in this Court on November 15, 2017, Petitioner filed a motion asking for leave to exceed the page limits for a § 2254 petition. *See* Case

## <u>Section 2254 Standard of Review</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody only under certain

specified circumstances.  Section 2254(d) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim—
>
>> (1) resulted in a decision that was to, or involved an
>> unreasonable application of, clearly established
>> Federal law, as determined by the Supreme Court
>> of the United States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of
>> the evidence presented in the State court
>> proceeding.

28 U.S.C. § 2254(d).  *See also* <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181

(2011); <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1287 (11th Cir. 2011).

"Under the 'contrary to' clause, a federal habeas court may grant the

writ if the state court arrives at a conclusion opposite to that reached by this

Court on a question of law or if the state court decides a case differently

---

No. 3:17cv807-LC/CJK, ECF No. 1.  No actual petition was filed in that case.  That case
was dismissed for lack of jurisdiction on November 16, 2017, and Petitioner was
provided with the form for use in § 2254 cases.  *Id.* at ECF Nos. 2, 4.

than this Court has on a set of materially indistinguishable facts." <u>Williams</u>

<u>v. Taylor</u>, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring).

The Supreme Court has explained that "even a strong case for relief

does not mean the state court's contrary conclusion was unreasonable."

<u>Harrington v. Richter</u>, 562 U.S. 86, 102 (2011). The Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a
> complete bar on federal-court relitigation of claims already
> rejected in state proceedings. . . . It preserves authority to
> issue the writ in cases where there is no possibility fairminded
> jurists could disagree that the state court's decision conflicts
> with this Court's precedents. It goes no further. Section
> 2254(d) reflects the view that habeas corpus is a "guard against
> extreme malfunctions in the state criminal justice systems," not
> a substitute for ordinary error correction through appeal.
> <u>Jackson v. Virginia</u>, 443 U.S. 307, 332, n.5 (1979) (Stevens, J.,
> concurring in judgment). As a condition for obtaining habeas
> corpus from a federal court, a state prisoner must show that the
> state court's ruling on the claim being presented in federal court
> was so lacking in justification that there was an error well
> understood and comprehended in existing law beyond any
> possibility for fairminded disagreement.

*Id.* at 102-03 (citation omitted). The federal court employs a " 'highly

deferential standard for evaluating state-court rulings, which demands that

state-court decisions be given the benefit of the doubt.' " <u>Pinholster</u>, 563

U.S. at 181 (quoting <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002)).

"Before a federal court may grant habeas relief to a state prisoner,

the prisoner must exhaust his remedies in state court." <u>O'Sullivan v.</u>

<u>Boerckel</u>, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). The Petitioner

must have apprised the state court of the federal constitutional claim, not just the underlying facts of the claim or a "somewhat similar state-law claim." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (quoting Anderson v. Harless, 459 U.S. 4, 5-6 (1982)). Petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 275 (1971); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

To obtain review where a claim is unexhausted and, thus, procedurally defaulted, the Petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993). In order to demonstrate cause, Petitioner must show that an "external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." Alderman v. Zant, 22 F.3d 1541, 1551 (1994) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)); *see also* McCleskey v. Zant, 499 U.S. 467, 497 (1991) (emphasizing that the external impediment must have prevented the petitioner from raising the claim). A federal court may grant a habeas petition on a procedurally defaulted claim without a showing of cause or

prejudice if necessary to correct a fundamental miscarriage of justice.

Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).  In order to

satisfy the miscarriage of justice exception, the Petitioner must show that a

constitutional violation has occurred that "probably resulted in a conviction

of one who is actually innocent"—that it is more likely than not that no

reasonable juror would have convicted him—which is a stronger showing

than is necessary to establish prejudice.  *See* Schlup v. Delo, 513 U.S.

298, 327 (1995).  This standard "thus ensures that petitioner's case is truly

'extraordinary.' "  *Id.* (citing McCleskey, 499 U.S. at 494).  Such a case is

"extremely rare."  Schlup, 513 U.S. at 324.

This Court's review "is limited to the record that was before the state

court that adjudicated the claim on the merits."  Pinholster, 563 U.S. at 181.

The state court's factual findings are entitled to a presumption of

correctness and to rebut that presumption, the Petitioner must show by

clear and convincing evidence that the state court determinations are not

fairly supported by the record.  *See* 28 U.S.C. § 2254(e)(1).  However, "it is

not the province of a federal habeas court to reexamine state-court

determinations on state-law questions" and "[i]n conducting habeas review,

a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502

U.S. 62, 67-68 (1991).  *See also* Swarthout v. Cooke, 562 U.S. 216, 222

(2011) ("[W]e have long recognized that 'a "mere error of state law" is not a

denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21

(1982))).  Further, under § 2254(d), federal courts have "no license to

redetermine credibility of witnesses whose demeanor has been observed

by the state trial court, but not by them."  Marshall v. Lonberger, 459 U.S.

422, 434 (1983); Consalvo v. Sec'y, Dep't of Corr., 664 F.3d 842, 845 (11th

Cir. 2011).

 For claims of ineffective assistance of counsel, the United States

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  Counsel is "strongly

presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment."  Burt v.

Titlow, 134 S. Ct. 10, 17 (2013) (quoting Strickland, 466 U.S. at 690).

Federal courts are to afford "both the state court and the defense attorney

the benefit of the doubt."  *Id.* at 13.

To demonstrate prejudice under <u>Strickland</u>, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' "  <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)).  "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  <u>Mirzayance</u>, 556 U.S. at 123. It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard."  *Id.*  Both deficiency and prejudice must be shown to demonstrate a violation of the Sixth Amendment.  Thus, the court need not address both prongs if the petitioner fails to prove one of the prongs.  <u>Strickland</u>, 466 U.S. at 697.

## <u>Discussion of Petitioner's Claims</u>

## <u>Ground 1: Evidence to Support Habitual Felony Offender Designation</u>

Petitioner first contends in the amended § 2254 petition that his constitutional right of due process was violated because no evidence was presented at sentencing to support the Habitual Felony Offender (HFO) designation and that the sentence violated the sequential sentencing requirement applicable to the predicate convictions.  ECF No. 12 at 5.  He argues that the trial court waived the State's burden of proof regarding sequential sentencing in that these cases were sentenced in the same proceeding and are "one" conviction for purposes of whether HFO applies. *Id.*

Somewhat similar claims were raised in Petitioner's Motion to Correct Illegal Sentence/Habeas Corpus filed March 9, 2015, in the circuit court. Ex. EE at 2-3.  The circuit court denied post-conviction relief in an order entered on April 2, 2015.  Ex. EE at 99-100.  The court stated:

> With respect to Defendant's habitual felony offender (HFO) sentences in case number 2003-CF-2275, the Court finds that the sentences are not illegal.  See § 775.084(1)(a), Fla. Stat. (2003).  The state charged Defendant by information with home invasion robbery and grand theft auto.  The State alleged that the offenses occurred on or around November 20, 2003.  A jury trial was held, and Defendant was found guilty as charged on both counts.  At the sentencing hearing, the State demonstrated that Defendant qualified as an HFO in case number 2003-CF-2275 based on his two prior felony

convictions in case numbers 2001-CF-1602 and 2003-CF-1281. A certified copy of the judgment and sentence imposed in those cases on October 16, 2003, was filed with the Court without objection. When questioned by the Court, defense counsel conceded that Defendant qualified as a HFO. Notably, in Defendant's subsequent rule 3.800(b)(2) motion, appellate counsel also conceded that Defendant qualified as an HFO. The [sentencing] Court ultimately found that Defendant qualified as an HFO. Contrary to Defendant's assertions, there is ample record evidence to support the Court's finding.

Ex. EE at 99-100 (footnotes omitted; bracketed material added). The sentencing hearing transcript is attached to the order and reflects that the prosecutor filed proof of the prior convictions in case numbers 2001CF1602 and 2003CF1281, as reflected in the order denying the claim. *See* Ex. EE at 103-09.

Petitioner sought rehearing, asserting that the court overlooked his contention that the HFO sentence was illegal because the two predicate felonies were not sentenced sequentially on different days. The court denied the motion, stating that the argument had not been overlooked and that the two predicate offenses had originally been sentenced in two separate proceedings on two separate dates. Ex. EE at 180. The order denying the motion to correct this alleged sentencing error was appealed to the First District Court of Appeal in case number 1D15-2290, where Petitioner made a somewhat similar argument. Ex. FF. The Court affirmed per curiam without opinion on December 1, 2015. Ex. HH. Petitioner has

not provided any basis to demonstrate that the state courts were incorrect in their rulings.  In a January 5, 2017, Petition for Writ of Habeas Corpus filed in the trial court, Petitioner again argued that, at the sentencing hearing held November 15, 2004, the State failed to present any evidence to prove he qualified for HFO designation.  Ex. KK at 54.  The petition was dismissed on January 12, 2017, in an order finding that the convictions and amended sentences under which he was currently incarcerated were final on August 28, 2008, and the 2017 petition was untimely even if treated as a Rule 3.850 motion.  Ex. KK at 173 and n.1.  After briefing, the First District Court of Appeal affirmed without discussion on August 9, 2017.  Ex. NN. The Florida Supreme Court dismissed the petition for review for lack of jurisdiction on November 13, 2017.  Ex. PP.

Petitioner has not demonstrated error in his HFO sentence, but even if the state courts erred in the determination of the HFO sentencing issue, it is purely an issue of state law not cognizable in this § 2254 proceeding. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  *See also* Swarthout v. Cooke, 562 U.S. 216, 221

(2011) ("[W]e have long recognized that 'a "mere error of state law" is not a

denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21

(1982))).  This rule applies to issues of state sentencing laws.  A federal

court may not review a state court's alleged failure to adhere to the state's

sentencing requirements, which is purely a state law issue.  *See* Branan v.

Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); *see also* Nichols v. Estelle,

556 F.2d 1330, 1331 (5th Cir. 1977) (claim that state courts erred in

imposing HFO sentencing was not basis for habeas relief because "federal

courts do not review a state's failure to adhere to its own sentencing

procedures").[10]  "This limitation on review of purely state law issues applies

in "equal force" when a petition couches the state law issue in terms of

equal protection and due process.  Branan, 861 F.2d at 1507.

Petitioner has not demonstrated that the state court adjudication of

this state law sentencing issue is contrary to or an unreasonable

application of any federal law as determined by the United States Supreme

Court or that it was an unreasonable determination of the facts in light of

the state court record.  Regardless of whether the claim in Ground 1 is

cognizable in this proceeding, it is without merit and should be denied.

---

[10] Fifth Circuit cases decided before October 1, 1981, are binding precedent in the Eleventh Circuit.  *See* Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

**Ground 2: Amended Special Provisions of Judgment**

Petitioner contends that special conditions of his judgment and sentence were amended without a written order or a hearing and omitted some of his jail time to which he was entitled, thereby erroneously extending his sentence. ECF No. 12 at 6. This claim is without merit and should be denied. As Respondent points out, Petitioner's time served in case numbers 2003CF1281 and 2003CF2275 was omitted in an amended judgment and sentence entered on April 6, 2006 (Ex. E at 119) after Petitioner filed a motion to correct sentence seeking clarification that his HFO designation applied only to case number 2003CF2275. Ex. E at 94-98. The omission of the time served was corrected in an order entered on April 2, 2015, (Ex. EE at 101), after Petitioner raised the issue in his March 9, 2015, motion to correct illegal sentence and before completion of his sentence. *See* Ex. EE at 6. An amended judgment and sentence was entered reinstating the credit for time served. Ex. EE at 141. Because Petitioner cannot demonstrate that the adjudication by the state court is contrary to or an unreasonable application of any federal law or an unreasonable determination of the facts, and cannot show any prejudice from the erroneous omission of credit for time served that was

subsequently corrected, the claim in Ground 2 is without merit and should
be denied.

## Ground 3: Reconstruction of the Record

In this claim, Petitioner contends that he was denied due process in
the proceeding to reconstruct the record of the opening statements at his
trial, which were not taken down due to machine malfunction.  ECF No. 12
at 8.  He argues that he was not provided a hearing and the ability to have
him or his counsel present at the attempt at reconstruction.  *Id.*

In an appeal of his convictions and sentences in 2004, in Florida First
District Court case number 1D04-5483, the district court of appeal
relinquished jurisdiction on January 23, 2007, to the trial court to attempt to
reconstruct the record of opening statements or to certify that the record
could not be reconstructed.[11]  Petitioner's appellate counsel provided the
trial court with an affidavit by Petitioner's trial counsel stating that he had no
recollection of opening statements in the 2004 trial and could not
reconstruct them.  Ex. G at 146-51.  The prosecutor from Petitioner's trial

---

[11] *See* docket, <u>Myers v. State</u>, First District Court of Appeal case number 1D04-5483 order of January 23, 2007, relinquishing jurisdiction.  A second motion to relinquish jurisdiction filed May 18, 2007, was granted by the appellate court on August 3, 2007. Ex. QQ.  The trial court noted in a scheduling order on reconstruction of the record that the court file reflected a January 23, 2007, order but the order had not been conveyed to the judge prior to August 20, 2007, when the judge was provided with the August 3, 2007, district court order.  *See* Ex. G at 145 n.1.

submitted a typed statement which he indicated was prepared before he made his opening statement at trial and which he said was the opening statement he gave at trial.  Ex. G at 146, 152-56.  The trial court's scheduling order provided that Petitioner's counsel could file objections to the statement by the prosecutor.  *Id.* at 146.

On September 6, 2007, the trial court entered an Order Partially Reconstructing the Record, stating in part, "Having allowed trial counsel for the defense and for the State to file affidavits or present testimony, and having allowed Defendant's current counsel an opportunity to file any objections," and none having been filed, "the Court finds, and hereby certifies, that opening statements made by counsel for the defense cannot be reconstructed.  Furthermore, the Court finds that the record of opening statements for the State have been reconstructed to include the unopposed written statement provided by [the prosecutor]."  Ex. G at 159-60.

After jurisdiction returned to the First District Court of Appeal, Petitioner was allowed to file a pro se brief due to the fact that his appellate counsel had earlier filed an <u>Anders</u> brief.  In his brief, Petitioner argued, among other issues, that error occurred because he was denied a full transcript of his trial.  Ex. H at 30, 32.  The First District Court of Appeal affirmed per curiam without opinion on June 24, 2008.  Ex. J.

On August 30, 2010, Petitioner filed a Rule 3.850 motion in case number 2003CF2275 in state circuit court alleging in pertinent part that his trial counsel rendered ineffective assistance because he conceded Petitioner's guilt during opening statements. Ex. TT at 16. The state court found as to the claim that a hearing was required because a transcript of his counsel's opening statement was not in the record. Ex. UU at 192. A hearing was held on December 7, 2011. Ex. VV at 373. Trial counsel testified that he did not concede guilt of the offenses during opening statement, Ex. VV at 487, and that he would never admit guilt in a trial, "much less in an opening statement." Ex. VV at 488. He did recall that from a strategy standpoint, it might have been admitted sometime during trial that Petitioner was at the scene because the codefendant was scheduled to testify and counsel believed everyone accepted the fact that Petitioner was present. Ex. VV at 489. Counsel explained:

> Our strategy from the very beginning of this trial . . . is that [there] was going to be overwhelming evidence that my client was at - - was at the residence. There were four or five people who witnessed him there. There was a co-defendant who testified he was there. I didn't want to be disingenuous and say my client wasn't there. I think that would be the wrong way to get off and get a jury to - - to gain their trust. I think I would have started off on the wrong foot and I discussed my opening with my client at length.

Ex. VV at 491-92.  The post-conviction court denied the claim on January 17, 2012, citing trial counsel's reasonable trial strategy.  Ex. UU at 337. Petitioner appealed and the First District Court of Appeal dismissed the appeal on June 18, 2012, for failure of Petitioner to comply with an order to file an initial brief.  Ex. T.

In a petition for writ of habeas corpus filed in the state trial court on January 5, 2017, Petitioner again argued that he was deprived of due process and other constitutional rights because neither he nor his counsel was present at a hearing to reconstruct the record.  Ex. KK at 11, 14. Petitioner further alleged that his counsel conceded guilt in the opening statement, thus prejudicing his case.  Ex. KK at 12.  He claimed that the district court of appeal, in his direct appeal from the judgment and sentence, failed to recognize a violation of due process in the proceeding to reconstruct the record, which could not be sufficiently reconstructed due to the length of time that passed.  Ex. KK at 17.  The petition was dismissed by the trial court with prejudice on January 12, 2017, as untimely to challenge the 2004 convictions and sentences.  Ex. KK at 173.  On appeal, the First District Court of Appeal affirmed without discussion in case number 1D17-803 on August 9, 2017.  Ex. NN.

Respondent contends that the specific claim raised in this Court was not properly raised in the State courts. Regardless of any asserted failure to exhaust the claim, it is without merit and should be denied.[12] Trial counsel had no recollection of his opening statement, and Petitioner does not explain how the holding of a hearing at which he or his counsel were present would have aided in the reconstruction of the record. He fails to explain what prejudicial comments counsel made during opening statement, despite counsel's testimony that he did not admit guilt, and how the comments fundamentally tainted the fairness of his trial. His counsel testified at the evidentiary hearing in 2012 that he never conceded guilt. Furthermore, Petitioner has not identified any violation of due process in the trial courts procedure in attempting to reconstruct the record.

In 2007, Florida Rule of Appellate Procedure 9.200 provided in pertinent part:

> (4) If no report of the proceedings was made, or if the transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall

---

[12] Denial of Petitioner's unexhausted § 2254 claims on the merits is specifically anticipated by 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the state."

be submitted to the lower tribunal for settlement and approval.
As settled and approved, the statement shall be included by the
clerk of the lower tribunal in the record.

Fla. R. App. P. 9.200(b)(4) (2007). The rule did not require a hearing to be

held or the defendant or his counsel to be present. The trial court in this

case followed the procedure provided by the rule and, after the order was

entered reconstructing the opening statements to the extent possible, the

appeal proceeded and the district court of appeal affirmed the convictions

and sentence.

Petitioner cannot demonstrate that this ruling was incorrect under

Florida law or contrary to or an unreasonable application of any federal law

as determined by the United States Supreme Court. In Petitioner's pro se

brief on appeal, he stated only that because the transcript of the opening

statement was incomplete, he should be granted a new trial. Ex. H at 30.

When he filed his brief, Petitioner was aware of <u>Jones v. State</u>, 923 So. 2d

486 (Fla. 2006),[13] which stated: "It is therefore clear that under our

precedent, this Court requires that the defendant demonstrate that there is

a basis for a claim that the missing transcript would reflect matters which

---

[13] Petitioner attached as an exhibit to his pro se brief in 1D04-5483 a letter from his appellate counsel advising him to review the case of <u>Jones v. State</u> and the requirement that any claim that a new trial is required due to an incomplete record must "state what error was made in opening statement which would entitle you to a new trial when the opening statement cannot be reconstructed." Ex. H (unnumbered page exhibit to brief).

prejudice the defendant" and require a new trial.  *Id.* at 489.  *See also*

White v. State of Fla. Dep't of Corr., 939 F.2d 912, 914 (11th Cir. 1991)

(agreeing with two other circuits that "in a federal habeas corpus case

brought by a state prisoner, the absence of a perfect transcript does not

violate due process absent a showing of specific prejudice") (citations

omitted)).  Petitioner failed in the state court and in this Court to

demonstrate how the failure of the state court to hold a hearing and allow

attendance by him or his counsel at a hearing to recreate the record of

opening statements prejudiced him and requires a new trial.  Based on the

evidence at trial, which included eyewitness testimony by the victims and

codefendant that Defendant was present at the scene of the crime, and

Defendant's own testimony that the codefendant took him to the victim's

home, albeit for an innocent purpose, prejudice has not been established

nor has actual innocence.  *See* Ex. C at 60, 91, 168; Ex. D at 204-27.

When he testified at trial, Petitioner also admitted writing the victim a letter

apologizing for the incident and his presence there.  Ex. D at 247.

Petitioner has failed to demonstrate that the adjudication of the state

courts is contrary to or an unreasonable application of any federal law as

determined by the Supreme Court or that it was an unreasonable

determination of the facts in light of the record.  Habeas relief on Ground 3 should be denied.

## Ground 4: Validity of Plea in Case Number 2001CF1602

Petitioner appears to argue in this ground that the plea he entered in case number 2001CF1602, which was one of his two prior convictions serving as the predicate for his HFO designation in case number 2003CF2275, was invalid because the stop of his vehicle was without probable cause and his 2002 no contest plea was involuntary.  ECF No. 12 at 10-11.  He refers to having raised the claim in a motion for post-conviction relief in case number 2001CF1602 on August 31, 2010, pursuant to Florida Rule of Criminal Procedure 3.850, which was denied on January 13, 2011.  ECF No. 12 at 10; Ex. P at 1-18.  In that motion, he argued that his trial counsel rendered ineffective assistance because he failed to move to suppress the field test of the controlled substance found in Petitioner's vehicle.  Ex. P at 8.  He also argued that the search of his vehicle was illegal because he was detained longer than necessary for an investigatory stop.  Ex. P at 9, 10.  He further contended that the controlled substance was illegally planted in his vehicle by the officer.  Ex. P at 11.

The post-conviction court denied the motion by order rendered January 13, 2011, noting that Petitioner entered a plea of no contest to the

charge on January 2, 2002, was sentenced to a term of probation, and never appealed that judgment and sentence. Ex. P at 68. The court also noted that on November 15, 2004, after Petitioner was found to have violated community control as to this charge, he was resentenced along with separate 2003 charges, for which an appeal was filed and affirmed in 2008. *Id.* In denying the motion, the court found that the claims related back to the original conviction and not the sentence entered after violation of community control and were untimely under Rule 3.850. *Id.* Petitioner appealed, Ex. P at 70, and that appeal was affirmed per curiam without opinion on April 5, 2011, in case number 1D11-0886. Ex. Q.

On May 11, 2015, Petitioner filed a motion to withdraw the January 2, 2002, plea, alleging his counsel coerced him into entering it and that the plea colloquy was deficient. Ex. EE at 188-89. The trial court dismissed the motion "with prejudice" on June 3, 2015, citing the untimeliness of the motion, which was filed thirteen years after the entry of the plea. Ex. EE at 215. The court also found that even if the motion is treated as a Rule 3.850 motion, it too would be untimely. *Id.* at 216. No appeal from this order is apparent in the record.

In 2017, Petitioner filed a petition for writ of habeas corpus in the circuit court again alleging, *inter alia*, that his Fourth Amendment rights

were violated during the 2001 stop of his vehicle and the search that produced the controlled substance for which he was charged in case number 2001CF1602.  Ex. KK at 23.  He alleged there was no probable cause provided to support his arrest and charge in that case and that his first public defender was ineffective in failing to move to suppress.  Ex. KK at 31, 37.  He alleged in the petition that his plea hearing and plea colloquy were improperly conducted.  Ex. KK at 39.  The circuit court dismissed the petition with prejudice, finding it untimely to challenge the 2002 conviction and sentence.  Ex. KK at 173.  The court explained that it could not treat the petition as a Rule 3.850 motion because that would be untimely as well under the timelines prescribed by the rule.  *Id.*  On appeal, in case number 1D17-803, the appellate court affirmed per curiam without discussion.  Ex. NN.

Petitioner's efforts to raise this or similar claims in the state courts have been found untimely and it is apparent that any future attempts to exhaust this claim in state court would be futile.  These rulings constitute a procedural bar.  The denials and dismissals were based on established state procedural grounds.  The United States Supreme Court has held that presenting a claim to the state court in a procedural context in which its merits will not be considered absent special circumstances does not

constitute fair presentation. *See* Castille v. Peoples, 489 U.S. 346, 351 (1989); *see also* Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (observing that a state habeas petitioner who fails to raise a federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default). Under Florida law, the failure to file a motion to withdraw the plea within thirty days waives the issue for appellate review. *See* Florida Rule of Criminal Procedure 3.170(l); Gafford v. State, 783 So. 2d 1191, 1192 (Fla. 1st DCA 2001). Under Florida Rule of Criminal Procedure 3.850, post-conviction claims seeking relief from judgment must be raised within two years of the date the judgment and sentence became final to be timely, barring stated exceptions in the rule.

To foreclose federal review, the state bar must be firmly established and regularly followed. Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Eleventh Circuit has concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under applicable law. LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d 1237, 1260 n.25 (11th Cir. 2005); Whiddon v. Dugger, 894 F.2d 1266, 1267-68 (11th Cir. 1990). Petitioner has provided no basis to show that he was

prevented from timely filing this claim, which he failed to raise until after his community control was violated.  Nor has he shown prejudice or miscarriage of justice arising from any impediment to the timely filing of the claim.  As noted earlier, to satisfy the miscarriage of justice exception, the Petitioner must show that a constitutional violation has occurred that "probably resulted in a conviction of one who is actually innocent"—that it is more likely than not that no reasonable juror would have convicted him— which is a stronger showing than is necessary to establish prejudice.  *See* Schlup, 513 U.S. at 327.  This standard "thus ensures that petitioner's case is truly 'extraordinary.' "  *Id.* (citing McCleskey, 499 U.S. at 494).

Even assuming that these rulings sufficiently exhausted the claim Petitioner presents here, the claim should be denied as without merit.  In Florida, a defendant cannot challenge the legality of a probationary sentence after violating his probation.  Bashlor v. State, 586 So. 2d 488, 489 (Fla. 1st DCA 1991).  When Petitioner entered his negotiated plea in January 2002 for possession of cocaine, for which he received two years probation, he signed a negotiated plea form on December 31, 2001, indicating that he understood he was giving up his right to a trial at which witnesses could testify and to appeal all legal matters relating to the judgment including the issue of guilt or innocence.  Ex. EE at 218.  In the

agreement, he confirmed that he was satisfied with the services of his attorney and that everything relating to the plea had been explained to him. *Id.*  As to whether there was a factual basis for the plea, Petitioner agreed in the form that it was "stipulate[d]."  *Id.*

In October 2003, Petitioner entered into a plea agreement in case number 2001CF1602 and case number 2003CF1281, after a violation of probation, in which he was then given two years of community control.  Ex. SS at 1.  The agreement, signed by Petitioner on October 2, 2003, again noted his understanding that he was giving up his right to a trial and other rights.  *Id.* at 3.  It also confirmed that his counsel explained all the ramifications and consequences of the plea.  *Id.* at 4.  Nothing in the record of this case indicates that Petitioner's plea to case number 2001CF1602 was involuntary or without advice, or without knowledge of all the rights he was waiving by accepting the benefits of the plea agreements.   A voluntary and intelligent plea forecloses federal habeas review of constitutional error alleged to have occurred prior to the entry of the plea.  Tollett v. Henderson, 411 U.S. 258, 266-67 (1973).  It also waives any claim of ineffective assistance of counsel that occurred prior to entry of the plea unless it is shown that counsel's faulty advice coerced the plea.  *See*

Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Scott v. Wainwright, 698 F.2d 427, 429 (11th Cir. 1983).

Because Petitioner has failed to show that the adjudication of this claim in the state courts is contrary to or an unreasonable application of any federal law or an unreasonable determination of the facts in light of the record, habeas relief on Ground 4 should be denied.

**Ground 5: Trial Counsel's Failure to Move to Suppress Letters**

Petitioner argues that trial counsel in case number 2003CF2275 rendered ineffective assistance (IAC) in failing to move to suppress a letter Petitioner characterizes as one of "Religious opinion and Religious belief." ECF No. 1 at 15.  Petitioner explains that he raised this issue in appellate case number 1D04-5483 in his pro se brief on direct appeal of his conviction in circuit court case number 2003CF2275, but did not raise the IAC claim in a Rule 3.850 motion.  ECF No. 1 at 15.  His asserted reason for not doing so in a Rule 3.850 motion was that the trial judge was prejudiced against him.  *Id.* at 15-16.  In his pro se brief on direct appeal, where an IAC claim is rarely cognizable in Florida, Petitioner argued that trial counsel rendered ineffective assistance for failing to move to suppress letters provided by the State in discovery.  Ex. H at 18-19.

During trial on October 11, 2004, victim C. Romfo identified State's

Exhibit 18, an undated letter she received from Petitioner in which he asks

forgiveness from her.  Ex. C at 81.  The letter states in full:

> Mrs. Romfo,
>
>     I'm writting this to ask forgiveness.  I was moved when
> you started praying and begin speaking in tongues.  I placed
> my hand on your back and prayed for it to be over fast and
> without harm.  I was in imminate fear for my safety and for you
> and your son.  I've never done anything of this nature before
> and just pryer to this Shane [codefendant] said the house
> belonged to his girlfriend and would be able to borrow a car.
> Again forgive me, I'm trying to clear myself according to "God
> my father" (I've done wrong by man's law) and will  [be]
> separated from my son as punishment.
>
> > With God's love & Peace
> > be with you & your Son,
> > Eric S. Myers

Ex. H at 50 (misspellings in original).  No objection was made to admission

of the evidence at trial.  The IAC claim was not addressed by the First

District Court of Appeal in the per curiam affirmance of his conviction and

sentence on June 24, 2008.  Ex. J.

Even if Petitioner had properly raised this ineffective assistance claim

in a Rule 3.850 motion, it would not have resulted in an order finding that

trial counsel was ineffective and that Petitioner was prejudiced under the

requirements of Strickland.  Petitioner characterizes the letter as of one of

religious belief that should not have been made a part of his criminal trial.

However, the letter was not one purely stating his religious beliefs but, importantly, was relevant evidence tending to prove that Petitioner was present in the Romfo home at the time of the offense.  Further, Petitioner cited the letter in his own testimony at trial as proof that he did not want to be in the Romfo home during the robbery, stating: "I wouldn't have written her a letter and offered my apologies.  I didn't want to be there."  Ex. D at 247.  Moreover, both victims and the codefendant testified that Petitioner was an active participant in the robbery.  Petitioner cannot demonstrate a reasonable probability—one being sufficient to undermine the Court's confidence in the outcome—that but for counsel's alleged error, the result of the trial would have been different.  Strickland, 466 U.S. at 694.  The requirements of § 2254 have not been met and habeas relief on Ground 5 should be denied.

## Ground 6: Anders Brief

Petitioner contends here that his appellate counsel rendered ineffective assistance by filing an Anders[14] brief, thus requiring him to file a

---

[14] Anders v. California, 386 U.S. 738 (1967).  The Court in Anders stated: "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.  A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."  Id. at 744.

pro se brief for which he was not provided sufficient resources while incarcerated.  ECF No. 12 at 16.  Respondent notes that the claim that Petitioner was not provided resources by the prison is not cognizable in this federal habeas proceeding because it complains of prison conditions and does not challenge his conviction and sentence.  ECF No. 38 at 40-41. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, . . . as amended, 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004).  Challenges to the validity of confinement or to its duration are within the province of habeas corpus, while requests for relief relating to the conditions of confinement may be presented in a § 1983 action. *Id.*; Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Although Petitioner includes this claim in a habeas corpus petition under § 2254, his claim alleging denial of access to sufficient legal resources to prepare his legal documents relates to proceedings collateral to his confinement (not the confinement itself) and to the conditions of his confinement (not its validity).  Accordingly, that portion of his claim is not cognizable in this federal habeas.

That portion of his claim that alleges his appellate counsel rendered ineffective assistance by filing an Anders brief, while cognizable in this

proceeding, is without merit and should be denied regardless of any failure to exhaust this claim.[15]  Appellate counsel is justified in filing an <u>Anders</u> "no merit" brief only after a full and careful review of the record and identification of any issue that could possibly be advanced on appeal.  <u>In re Anders Briefs</u>, 581 So. 2d 149, 151 (Fla. 1991); <u>McCoy v. Court of Appeals</u>, 486 U.S. 429, 438-39 (1988).  The appellate court also must determine if the case qualifies for an <u>Anders</u> brief and must provide the appellant with the right to file a pro se brief.  Petitioner was allowed to file his own appellate brief.  Ex. H.  Petitioner's 35-page pro se brief argued several issues and provided a multitude of case citations.  The appellate court affirmed per curiam without opinion.  Ex. J.

An indigent defendant does not have a right to bring a frivolous first appeal.  "[A]though, under <u>Douglas [v. People of State of Cal.</u>, 372 U.S. 353 (1963)]*,* indigents generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel

---

[15] Petitioner raised a version of this claim in a petition for writ of habeas corpus filed in the state trial court on January 5, 2017, many years after the filing of the <u>Anders</u> brief.  He argued that his appellate counsel should have identified and argued discovery errors and was deficient in filing an <u>Anders</u> brief with an incomplete record.  Ex. KK at 44-53.  The petition was dismissed by the trial court with prejudice on January 12, 2017, as untimely.  Ex. KK at 173.  On appeal, the First District Court of Appeal affirmed without discussion in case number 1D17-803 on August 9, 2017.  Ex. NN.

for bringing a frivolous appeal." Smith v. Robbins, 528 U.S. 259, 278

(2000) (citing McCoy, 486 U.S. at 436-438; Douglas, 372 U.S at 357;

United States v. Cronic, 466 U.S. 648, 656, n.19 (1984) ("Of course, the

Sixth Amendment does not require that [trial] counsel do what is impossible

or unethical")).  The standard for evaluation of whether appellate counsel

was ineffective for failing to file a merits brief is that enunciated in

Strickland, and requires a showing that counsel was objectively

unreasonable in failing to discover nonfrivolous issues.  If that is shown, the

Petitioner must then establish prejudice, that is, a reasonable probability

that but for the error, he would have prevailed.  Smith, 528 U.S. at 285-86.

These showings have not been made.

Because Petitioner has failed to demonstrate that the adjudication of

the state court is contrary to or an unreasonable application of any federal

law as determined by the Supreme Court or an unreasonable determination

of the facts in light of the state record, habeas relief on Ground 6 should be

denied.

## Ground 7: IAC for Failure to Object at Original Sentencing

Petitioner contends that his counsel at sentencing on November 15,

2004, rendered ineffective assistance for failure to object to lack of

evidence of prior convictions and sequential sentencing for the HFO

designation and to consecutive sentencing at a single proceeding.  ECF No. 12 at 18-19.  He raised a similar claim in his petition for writ of habeas corpus filed in the trial court on January 5, 2017.  Ex. KK at 54.  The petition was dismissed as untimely under Florida Rule of Criminal Procedure 3.850.  Ex. KK at 173.  On appeal in case number 1D17-803, the appellate court affirmed per curiam on August 9, 2017.  Ex. NN.  The Florida Supreme Court dismissed the petition for discretionary review for lack of jurisdiction.  Ex. OO, PP.

Because the state courts dismissed his claim under a recognized state bar, the claim cannot be raised in this habeas proceeding absent good cause.  Petitioner has cited no basis upon which this Court can conclude that he was prevented from timely raising this claim in the seventeen years after his sentencing.  Despite any procedural bar, the claim should be denied as without merit.

As discussed in Ground 1 above, the trial court was provided with evidence of Petitioner's prior predicate convictions for purposes of HFO sentencing of case number 2003CF2275.  Ex. EE at 104-05.  Counsel had no basis on which to object to the lack of evidence and cannot be ineffective for failing to make a meritless objection.  *See* Denson v. United States, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing Freeman v. Att'y Gen.,

536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim. . . ."). Petitioner's claim that counsel should have objected to consecutive sentences for the two convictions in case number 2003CF2275, even if counsel erred, does not demonstrate prejudice. The sentences were amended in a proceeding to correct sentencing error to make them concurrent because they arose from the same criminal episode. Ex. E at 109-10, 120. The consecutive sentences in case numbers 2001CF1602 and 2003CF1281 were proper because those offenses were not committed in the same criminal episode. Ex. E at 109. Accordingly, regardless of any procedural bar, there is no merit to the claims in Ground 7 and federal habeas relief should be denied.

## Ground 8: Failing to Move for Discharge Due to Incomplete Record

Petitioner contends in this ground that appellate counsel rendered ineffective assistance for failing to move for discharge of his convictions based on the missing opening statements in his transcript of the trial. ECF No. 12 at 20-21. The ground also asserts various complaints regarding appellate counsel's filing an Anders brief (*see* Ground 6, *supra*); the reconstruction of the record of opening statements (*see* Ground 3, *supra*); and failing to raise violation of religious opinions in letter (*see* Ground 5, *supra*). Petitioner contends he raised this claim in his Petition for Writ of

Habeas Corpus on January 5, 2017.  ECF No. 12 at 22.  As noted earlier, the petition was dismissed as untimely and the appellate court affirmed on August 9, 2017.  Ex. KK at 173; Ex. NN.  The Florida Supreme Court dismissed the petition for discretionary review for lack of jurisdiction in case number SC17-1992.  Ex. OO, PP.

Respondent contends that the claim is procedurally defaulted. Petitioner has not provided any basis on which to excuse the state procedural bar.  He cannot show cause, that is, some external impediment, for his failure to timely raise the claim under state procedural rules and has not demonstrated a constitutional violation.  Regardless of the procedural bar, the claim is without merit and should be denied.

Under Strickland, Petitioner must show both deficiency and prejudice. As for deficiency, Petitioner has failed to show that the lack of a transcript of opening statement was so detrimental to the fairness of the trial that discharge would have been granted if counsel had asked for it.  As discussed earlier, an evidentiary hearing was held on Petitioner's claim in an August 30, 2010, motion that his counsel conceded his guilt in opening statement.  Ex. TT at 16.  Counsel denied the allegation at the hearing. *See* Ground 3, *supra*.  Petitioner has provided no other basis to show that the fairness of the proceeding was so obviously compromised that the

district court would have necessarily discharged the convictions due to lack of a transcript of defense counsel's opening statement.  Moreover, for these same reasons, Petitioner has not demonstrated prejudice under the second prong of <u>Strickland</u>, that is, a reasonable probability, sufficient to undermine the Court's confidence in the outcome, that but for counsel's error, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694.

Regardless of any procedural default, Petitioner has failed to show entitlement to habeas relief under § 2254 and Ground 8 should be denied.

## **Ground 9: Violation of Due Process in Reconstructing Record**

Petitioner contends he was denied a procedural due process right by the appellate court to be present or have counsel present at a hearing that would reconstruct the missing opening statements.  ECF No. 12 at 23. This claim is a version of the claim raised in Ground 3, where Petitioner argued the trial court erred in not ensuring that he or his counsel would be present at a hearing to reconstruct the record.  *See* ECF No. 12 at 8.  For the same reasons and based on the same authorities discussed in Ground 3, *supra*, the claim is without merit and should be denied.

## Ground 10: Trial Court Failure to Enforce Subpoena Duces Tecum

Petitioner's argument in in this ground is difficult to understand. ECF No. 12 at 24-25. He appears to contend that the post-conviction court erred in refusing to enforce a subpoena duces tecum prior to an evidentiary hearing on his Rule 3.850 motion. He argues that the material sought would have proven that the testimony of his codefendant in the 2004 trial was "purchased" by the prosecutor and would have proven the trial judge knew the codefendant received a favorable concurrent sentence for his part in the crimes. ECF No. 12 at 24-25.

A subpoena, prepared by his standby counsel and dated November 23, 2011, is attached to the § 2254 petition. ECF No. 12-1 at 160-61. The subpoena, directed to the Warden of Petitioner's correctional institution, directed that all of Petitioner's research papers and materials be produced. At the evidentiary hearing held December 7, 2011, on three claims in Petitioner's Rule 3.850 motion dated August 30, 2010, Petitioner was present, representing himself but with standby counsel. Petitioner appeared with a bag of paperwork which he was provided by the prison. He stated to the court that he had those papers since September 26, 2011, and that they were the ones he "was allowed to keep." Ex. VV at 378-79. He stated that "they took the rest and I have not been able to get anything

else from them." Ex. VV at 378.  When he mentioned the papers he was

not allowed to keep, the court indicated they would speak about those in

fifteen minutes.  *Id.* at 380.  A recess was taken and when court

reconvened, Petitioner filed three unrelated documents he had prepared,

Ex. VV at 381-90.  However, at that time Petitioner did not argue the issue

of missing paperwork or ask the court to enforce the subpoena.  He did

mention later that he did not have all his papers but did not argue that he

was unable to present his Rule 3.850 claims without them.  In the final

order denying post-conviction relief, the state court did not refer to

Petitioner's complaint concerning deprivation of his materials.  Ex. UU at

336-38.

Petitioner appealed the order denying post-conviction relief in case

number 1D12-456, but the appeal was dismissed for failure to comply with

the appellate court's order to file an initial brief.  Ex. T.  Because Petitioner

failed to present any constitutional or other issue in state court or on

appeal, he has not "fairly present[ed]" his claim in each appropriate state

court in order to alert the state courts to the federal nature of the claim.

Henry, 513 U.S. at 365; Picard, 404 U.S. 275; O'Sullivan, 526 U.S. at 845.

Further, he has not cited any constitutional basis for his claim in this court.

Moreover, to the extent that he suggests the state post-conviction court deprived him of due process in the Rule 3.850 proceeding by refusing to enforce the subpoena, such a claim challenges only the state court's application of its own rules and does not form a basis for federal habeas relief.  Defects in procedure in collateral proceedings do not provide a basis for federal habeas relief.  Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009) (holding that a failure to hold an evidentiary hearing in a state post-conviction proceeding was not a basis for habeas relief); In re Rutherford, 437 F.3d 1125, 1127 (11th Cir. 2006) (finding insufficient for habeas relief the petitioner's claim that the state post-conviction court denied him due process by failing to provide mental health records of a person the petitioner alleged had actually committed the crime); *see also* Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004) (reiterating that defect in collateral proceeding does not state a basis for habeas relief).

Regardless of lack of cognizability or procedural default, the claim is without merit and should be denied.  Petitioner appears to suggest that if he had presented the materials which were sought in the subpoena, he could have shown an entitlement to concurrent sentences because his codefendant was given sentences in two unrelated cases that were made concurrent with the sentences his codefendant received in the related case.

However, disparity between the sentence given Petitioner and the sentence given a codefendant who cooperated and testified is not a basis for habeas relief.  See, e.g., Larsen v. State, 693 So. 2d 53, 54 (Fla. 4th DCA 1997) (cited in Polycarpe v. Sec'y Fla. Dep't of Corr., No. 4:08cv439-SPM-GRJ, 2011 WL 6258993, at *9 (N.D. Fla. Oct. 20, 2011); Atwater v. State, 781 So. 2d 1149, 1153 (Fla. 5th DCA 2001) (difference in sentencing between co-defendants not unconstitutional because each defendant was situated differently based on their degree of influence and involvement in the conspiracy, their cooperation with the prosecution, and their amenability to be rehabilitated); Butler v. Sec'y, Dep't of Corr., No. 6:13-cv-136-Orl-31GJ, 2014 WL 3721277, at *5 (M.D. Fla. July 28, 2014) ("A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own . . . .") (quoting Lakoskey v. United States, CIV. 07-3581(JNE), 2008 WL 4277714, at *4 (D. Minn. Sept. 15, 2008)).

Petitioner also appears to suggest that the materials sought in the subpoena would have proven his codefendant was "paid" for his testimony against Petitioner by receiving that favorable sentencing.  However, the codefendant testified at the evidentiary hearing that he had entered a plea to the offenses committed with Petitioner and received a fifteen-year sentence concurrent for all his offenses in that county.  Ex. VV at 461.  He

testified that there was "no set agreement" in the plea agreement for his sentence.  Ex. VV at 462.  He denied signing an affidavit produced by Petitioner which stated the testimony he gave in Petitioner's trial was false.  Ex. VV at 465.  Standby counsel, who was questioning the codefendant, asked the court to adjourn so that the notary who notarized the signature on the affidavit could be brought in to testify, but the judge denied the request, indicating a predicate had not been laid that made the testimony relevant.  Ex. VV at 466.  The codefendant could not recall conversations he may have had with the prosecutor before his 2004 testimony in Petitioner's trial.  Ex. VV at 467.  However, he denied that he made any deal with the prosecutor to lie at Petitioner's trial.  Ex. VV at 473.

Petitioner testified at the evidentiary hearing that the copy of the codefendant's affidavit was the same as the original affidavit that Petitioner had in the materials not returned to him by the prison.  Ex. VV at 477.  He also testified that a prisoner named Callahan, whom he wished to present, was not available because he was out of prison and had moved out of state.  *Id.*  The copy of the affidavit, which Petitioner drafted and which had what appeared to be the codefendant's notarized signature, was accepted into evidence in lieu of the original.  Ex. VV at 478.  The trial prosecutor also testified at the evidentiary hearing and denied making any deal with

the codefendant for false testimony against Petitioner. Ex. VV at 480. He confirmed that the plea agreement with the codefendant did not contain any conditions relating to his testimony against Petitioner. *Id.* Petitioner has not cited any additional documents that were necessary to present his postconviction claim.

Because Petitioner failed to exhaust any constitutional claim or any claim at all regarding the post-conviction court's failure to enforce a subpoena, and because Petitioner failed to demonstrate that, but for constitutional error, he would have been granted post-conviction relief, Ground 10 should be denied.

## Ground 11: Validity of Stop and Search in Case Number 2001CF1602

Petitioner claims that his conviction in case number 2001CF1602 for possession of cocaine—one of the predicate offenses for his HFO designation in case number 2003CF2275—should be vacated because the traffic stop and search in that case violated his constitutional rights. ECF No. 12 at 26-28. Petitioner entered a plea to that charge in 2002 and received probation, which was later converted to community control after he violated his probation. He cites the somewhat similar claim he made in his January 5, 2017, petition for writ of habeas corpus in the circuit court. *Id.* at 28-29. That petition was dismissed on January 12, 2017, because it

was untimely and, as the court explained, even if the claim was treated as a post-conviction claim under Rule 3.850, it was still time barred.  Ex. KK at 173.  Petitioner appealed and the First District Court of Appeal affirmed per curiam without explanation on August 9, 2017.  Ex. NN.  Due to the well-recognized state procedural bar, the claim is not exhausted for purposes of § 2254 and Petitioner has provided nothing to excuse the procedural default.

Regardless of any procedural default, the claim is without merit and should be denied.  As discussed at length in Ground 4, *supra*, Petitioner entered a no contest plea to the charge on January 2, 2002.  After the conviction was later used as one of the predicate offenses for his HFO designation in case number 2003CF2275, Petitioner challenged the traffic stop on a number of grounds in several different contexts.  He challenged it unsuccessfully in 2011 in a motion for post-conviction relief.  *See* Ex. P at 68.  He challenged it unsuccessfully in 2015 in a motion to withdraw plea. *See* Ex. EE at 215.  He challenged it unsuccessfully in the 2017 petition for writ of habeas corpus.  *See* Ex. KK at 173.

In Petitioner's original plea in 2002 and in his plea agreement in 2004 when he was alleged to have violated his probation, he knowingly and affirmatively waived all nonjurisdictional defects.  *See, e.g.*, <u>Stano v.</u>

Dugger, 921 F.2d 1125, 1150 (11th Cir. 1991); Tiemens v. United States,

724 F.2d 928, 929 (11th Cir. 1984); Scott v. Wainwright, 698 F.2d 427, 429

(11th Cir. 1983).  This includes the right to challenge the validity of the

traffic stop and search.  He did not reserve the right to challenge the validity

of the stop or search, and his voluntary and intelligent plea forecloses

federal habeas review of constitutional error that is alleged to have

occurred prior to entry of the plea.  *See* Tollett v. Henderson, 411 U.S. 258,

266-67 (1973).

Petitioner has not provided any facts or authority to demonstrate that

the adjudication of the state courts was contrary to or an unreasonable

application of any federal law as determined by the Supreme Court or an

unreasonable determination of the facts in light of the state court record.

Habeas relief on Ground 11 should be denied.

**Ground 12: Appeal After November 15, 2004, Sentencing**

In this ground, Petitioner contends that he was deprived of due

process because the sentencing court failed to advise him at the

sentencing hearing on November 15, 2004, that he had a right to appeal

from the judgment and sentences.  ECF No. 12 at 29.  He argues that

because he was not advised, and because his counsel was allowed to

withdraw, he did not timely file a notice of appeal.  *Id.*  Petitioner concedes

that he "did not raise this issue on direct appeal" and "did not raise this issue in post-conviction proceedings or exhaust State remedies as it's futile by prejudice of State Courts."  ECF No. 12 at 31-32.

Notwithstanding the failure to exhaust, the claim is without merit and should be denied.  Petitioner filed a pro se notice of appeal docketed in the First District Court of Appeal on December 28, 2004, which was dismissed in case number 1D04-5650 for failure to pay a filing fee.  Ex. A at 70, 71; Ex. M.  However, a separate notice of appeal filed by Petitioner was docketed on December 14, 2004, in case number 1D04-5483 in an appeal from the judgment and sentence entered on November 15, 2004.  *See* Ex. A at 70, 71.  That direct appeal proceeded with appointed counsel, who filed an <u>Anders</u> brief, as discussed in Ground 6, *supra*, and in which the record was reconstructed, as discussed in Ground 9, *supra.*  Petitioner ultimately filed a pro se brief alleging pretrial and trial errors.  Ex. H.  The First District Court of Appeal affirmed per curiam without explanation on June 24, 2008.  Ex. J.

Because Petitioner did have a direct appeal from the judgment and sentences entered on November 15, 2004, he has not shown any constitutional violation arising from a failure to be advised of his right to appeal.  In addition, his timely filing of a pro se notice of appeal

demonstrates that he was aware of that right.  Regardless of his admitted and unexcused failure to exhaust this Ground 12 in the state courts, it is without merit and should be denied.

## Ground 13: IAC of Counsel at Plea in Case Number 2001CF1602

Petitioner contends here that his counsel rendered ineffective assistance during the plea process in case number 2001CF1602, one of his HFO predicate convictions, because Petitioner was allowed to enter a plea without receiving discovery and counsel failed to file a motion to suppress the fruits of an unlawful search conducted without probable cause.  ECF No. 12 at 32-33.  Petitioner also contends that counsel should have challenged the court's jurisdiction because a probable cause hearing was conducted with hearsay evidence and the evidence was not inspected by the judge.  *Id.* at 33.  Finally, he suggests that due to this ineffective assistance, his plea was not voluntary.  *Id.*  Petitioner states that he did not raise this issue in a postconviction proceeding in state court but argues that all these "facts" provide a basis to excuse any failure to exhaust the claims in state court.  *Id.* at 36, 34.

Petitioner filed a Rule 3.850 motion on August 30, 2010, in case number 2001CF1602.  Ex. P at 1-18.  In it he claimed in pertinent part ineffective assistance of court-appointed counsel who refused to act as

instructed and file motions to suppress; unlawful search and seizure and undue detention past time necessary for investigatory traffic stop; violation of due process during stop and search by officer producing contraband; and violation of equal protection and effective assistance of counsel by State concealment of unlawful acts of law enforcement officials. *See* Ex. P at 1-18. The post-conviction court denied the Rule 3.850 motion on January 13, 2011. Ex. P at 68-69. The court stated that the grounds presented related back to the original 2002 conviction for the offense for which Petitioner pled no contest and received probation and did not appeal. *Id.* at 68. The court noted that community control was subsequently revoked and sentences were entered on 2001CF1602 along with the other two cases in 2004. In denying the Rule 3.850 motion, the court stated in pertinent part that "his motion in the instant matter is untimely and must be denied." *Id.* Petitioner appealed this denial of relief in First District Court of Appeal case number 1D11-0886 and the court affirmed per curiam without opinion on April 5, 2011. Ex. Q. Petitioner sought review in the Florida Supreme Court, which dismissed the case for lack of jurisdiction on May 12, 2011. Ex. R.

Petitioner has not demonstrated that the adjudication of the state court is contrary to or an unreasonable application of any federal law or an

unreasonable determination in light of the facts in the record.  The Eleventh

Circuit has concluded that the procedural requirements of Florida's Rule

3.850 constitute independent and adequate state grounds under applicable

law.  LeCroy, 421 F.3d at 1260 n.25; Whiddon, 894 F.2d at 1267-68.

Petitioner has provided no basis to show that he was prevented from timely

filing this claim of ineffective assistance.  Moreover, although he suggests

that his plea was involuntary because his counsel failed to move to

suppress evidence, his wavier of rights contained in his plea agreements

belie this contention, as does his statement in the plea agreement that he is

satisfied with the advice and services of his attorney.  *See* Ground 4,

*supra.*; Ex. EE at 218.  The First District Court of Appeal has explained:

> By entering a plea to the charges, Appellant waived his right to
> have counsel investigate or put forward a defense, including
> filing motions to suppress.  Davis v. State, 938 So. 2d 555, 557
> (Fla. 1st DCA 2006) ("An appellant is not entitled to go behind
> sworn representations made to the court in a postconviction
> proceeding.").  Where a defendant enters a plea and swears
> that he is satisfied with his counsel's advice, he may not later
> attack counsel's effectiveness for failure to investigate or
> defend the charge.  As the Florida Supreme Court stated more
> than two decades ago, "claims regarding ineffectiveness of
> counsel's assistance . . . are an attempt to go behind the plea. .
> . .  By insisting on pleading guilty . . . [appellant] rendered any
> further investigation pointless."  Stano v. State, 520 So. 2d 278,
> 279-80 (Fla.1988).

Clift v. State, 43 So. 3d 778, 779-80 (Fla.1st DCA 2010).

For the foregoing reasons, and those discussed in Ground 4, *supra*,

Ground 13 lacks merit and habeas relief should be denied.

## Ground 14: Theft of a Firearm in Case Number 2003CF1281

Petitioner appears to contend in this ground that his counsel in case

number 2003CF1281 rendered ineffective assistance by failing to

investigate the charge of theft of a firearm in order to discover the innocent

circumstances of his taking the firearm. ECF No. 12 at 36. He also alleges

that he was coerced into entering the plea by the prosecutor's threats

against Petitioner's father and counsel should have objected.[16] *Id.* at 37.

He contends he raised this issue in a petition for habeas corpus filed in

January 2017, which was dismissed as untimely. ECF No. 12 at 39. It is

not clear in reviewing the petition filed January 5, 2017, where these claims

were stated. Ex. KK at 1-63. Even if Petitioner raised these claims in the

habeas petition filed in 2017, that petition was dismissed with prejudice as

untimely on January 12, 2017, Ex. KK at 173, and Petitioner has provided

no basis to excuse the untimely filing. Moreover, the plea agreement

signed by Petitioner in case number 2003CF1281 in 2003 waives all

nonjurisdictional issues. When he entered a plea agreement to be placed

---

[16] Petitioner's unnecessarily verbose and disorganized recitations in each of his 38 claims, causing the amended petition to exceed 95 pages, often makes it difficult to determine what constitutional violation he is actually stating.

on community control he acknowledged and agreed that the arrest report provided a factual basis for the plea; and, that he was waiving the rights to plead not guilty and be tried and to present any defenses he may have. ECF No. 12-1 at 181-83 (exhibit to ECF No. 12).

Petitioner's allegation of ineffective assistance does not demonstrate that, even if his counsel failed to investigate the alleged innocent circumstances of his taking the firearm, his plea was involuntary. Petitioner, himself, was aware of any innocent circumstances surrounding the taking of the firearm and was in the best position to advise his counsel of those facts prior to entry of the plea.  Even if his claim was not procedurally barred, it is without merit.  His allegations fail to demonstrate a reasonable probability that, but for counsel's failure to investigate facts known by Petitioner, he would have rejected the plea and community control, and would have proceeded to trial.  Entitlement to relief under § 2254 has not been shown and relief on Ground 14 should be denied.

## **Ground 15: Opening Statements**

This ground appears to contain several complaints concerning opening statements.  Petitioner contends that opening statements were not recorded and could not be reconstructed, requiring a new trial.  ECF No. 12 at 40-41.  He also contends that his defense counsel conceded his guilt

during opening statements and that the Prosecutor's affidavit and reconstructed opening statement of the State was inaccurate. *Id.* He claims that he was denied due process because the appellate court did not require the trial court to hold a hearing to reconstruct the record and to require Petitioner to be present. *Id.* at 40. He contends the appellate court should not have accepted the "uncontested fraudulent reconstructed version of a purported record." *Id.* at 41.

All these claims were made and discussed previously in Ground 3 and Ground 9 and will not be repeated here. Federal habeas relief should be denied on the repetitive claims stated in Ground 15.

## Ground 16: Trial Court Failure to Rule on Merits of All Claims

In this ground, after a recitation of Petitioner's version of the home invasion and auto theft offenses in case number 2003CF2275, he contends generally that the State fabricated evidence, committed other misconduct in the investigation and trial, and that his trial counsel provided deficient representation. ECF No. 12 at 43-45. He also contends that the trial court committed fundamental error in his HFO designation and the appellate court acquiesced in that error. *Id.* at 46. After the recitation and general claims of trial court and appellate court error, Petitioner asks that any procedural bar to exhaustion of all his claims from the time of his original

sentencing on November 15, 2004, be excused because he has had no assistance in his research and is incarcerated with inadequate access to a law library. *Id.* To the extent that the claim seeks to excuse all failure to exhaust constitutional claims in each appropriate state court, the fact that Petitioner is pro se and that he is incarcerated does not provide a basis for blanket relief from procedural default. Being pro se and being incarcerated, if considered impediments, are common to many, if not most, state prisoners and are not extraordinary circumstances. Such circumstances have been held not to provide a basis to excuse procedural default or allow equitable tolling. *See, e.g.*, Jackson v. Ault, 452 F.3d 734, 736-37 (8th Cir. 2006) (refusing to apply doctrine of equitable tolling when Petitioner's alleged impediment was "a typical obstacle faced by many if not most habeas petitioners"); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (noting that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"). Even prisoner lockdown has not been found to constitute an unconstitutional impediment. *See* Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (holding that the

prisoner's limited access to the library due to lockdown was not an unconstitutional impediment).  These same principles would apply to Petitioner's request to be excused from any state procedural bar based on his untimely filing of the claims in state court.  *See, e.g.*, Toole v. McDonough, 379 F. App'x 883, 885 (11th Cir. 2010) (unpublished) (citing Akins and finding argument that lack of access to legal materials impeded prisoner from raising an IAC claim in state court is without merit).

Ground 16 does not contend with any specification that adjudications of the state court are contrary to or an unreasonable application of any federal law as determined by the Supreme Court or that any adjudication by the state court is an unreasonable determination of the facts in light of the State court record.  No cognizable claim appears to have been presented in this ground and, accordingly, Ground 16 should be denied.

**Ground 17: IAC Regarding Victim Identification of Petitioner**

Petitioner contends that his initial defense counsel and his subsequent trial counsel rendered ineffective assistance because neither counsel moved to suppress the victim's identification of Petitioner based on the fact that the witness was shown two single photographs rather than a

photo array or live lineup.[17]  ECF No. 12 at 47.  Petitioner raised a similar claim in a Rule 3.850 motion filed on August 30, 2010.  Ex. TT at 36.  The claim was summarily denied by order entered August 16, 2011.

The post-conviction court found that Petitioner failed to show prejudice because the codefendant entered a plea to the same charges and identified Petitioner as his accomplice at trial.  Ex. UU at 193.  The court noted that the victims also identified Petitioner as one of the two men who committed the home invasion robbery and auto theft.  In addition, in Petitioner's testimony at trial he referred to a letter of apology he sent to the victim in which he stated he was there during the offense but did not intend to participate in the crime.  Ex. D at 247.  Evidence was presented at trial that Petitioner and his codefendant were apprehended fleeing the scene of the home invasion in the stolen vehicle and with stolen property.  Ex. C at 130-35; 214-22.  Petitioner appealed denial of post-conviction relief but the appeal was dismissed in First District Court of Appeal case number 1D12-456 for Petitioner's failure to comply with the appellate court's order to file an initial brief.  Ex. T.

---

[17] Petitioner also includes a number of other allegations of fact and misconduct in this rambling recitation but the only clearly identifiable claim is IAC of defense counsel regarding the witnesses' identification of Petitioner.

In light of the trial testimony by the codefendant, the victims, the officers who apprehended Petitioner, and Petitioner himself, he cannot demonstrate any error in the state court's finding that he did not demonstrate prejudice under the second prong of Strickland.  *See* Strickland, 466 U.S. at 694.  Petitioner failed to show a reasonable probability sufficient to undermine confidence in the outcome that, but for counsels' alleged error, the result of the trial would have been different.

Accordingly, Petitioner has failed to show that the adjudication by the state postconviction court was contrary to or an unreasonable application of any federal law or was an unreasonable determination of the facts in light of the record.  Accordingly, federal habeas relief on Ground 17 should be denied.

## Ground 18: IAC in Counsel Entering Plea of Not Guilty

Petitioner contends that his defense counsel rendered ineffective assistance by entering a plea of not guilty before receiving any discovery because this prevented Petitioner from exercising his right to plead "just to the facts and not the State's fabricated allegations."  ECF No. 12 at 50-51. He does not identify what "facts" he believes he was entitled to plead to rather than entering a plea of guilty or not guilty to the charges in the Information.  He also argues that the not guilty plea waived his right to

challenge the State's allegations and that counsel never mentioned any waiver of rights to challenge the accuracy of the Information or his right to plead only to the facts. *Id.* at 51. He suggests in his argument that he was deprived of his ability to dispute the charges against him. *Id.* Although this IAC claim appears to be the main claim in Ground 18, Petitioner also adds an unrelated reference to his earlier claim that he was denied his right to appeal at sentencing because the court never advised him of it. *Id.* (*see* Ground 12, *supra*). Petitioner states that he did not raise this IAC claim in the state courts. *Id.*

Regardless of Petitioner's failure to exhaust this constitutional claim in the state courts, it is without merit and without any basis in law and should be denied. Petitioner provides no factual or legal authority for the claim, which verges on being frivolous. A plea of not guilty does not admit the allegations of the Information or waive any defenses. To the contrary, Florida Rule of Criminal Procedure 3.170(e) provides that a plea of not guilty is a denial of every material allegation in the information. Standing mute or pleading evasively results in a plea of not guilty being entered of record. Fla. R. Crim. P. 3.170(c). Moreover, a plea of not guilty does not lighten the burden of proof placed on the State to prove Petitioner's guilt with proof beyond a reasonable doubt.

Petitioner has not demonstrated entitlement to habeas relief under the stringent requirements of § 2254 by his claim in Ground 18. Accordingly, habeas relief should be denied.

## Ground 19: IAC of Trial Counsel for Entering Not Guilty Plea

Petitioner again argues that his trial counsel rendered ineffective assistance in entering a not guilty plea before receiving discovery because it waived his right to challenge the sufficiency of the Information and to "plea to the facts." ECF No. 12 at 52. This is a version of the same claim made in Ground 18 and the discussion there will not be repeated here. Moreover, Petitioner concedes that he did not raise this claim in state court, ECF No. 12 at 52-53, and he fails to identify any deficiency in the Information that he contends he was prevented from challenging prior to entry of the plea. For all these reasons, regardless of failure to exhaust the claim in state court, Ground 19 is without merit and should be denied.

## Grounds 20, 21, 24, 25, 26, 27, 28, 31, 33, 36 and 38: Circumstances of Confinement

In Ground 20, Petitioner complains of the prison's treatment of a fellow prisoner. ECF No. 12 at 53-54. In Ground 21, Petitioner complains about the handling of a grievance he filed concerning prison notaries refusing to notarize an affidavit he needed to file in court. *Id.* at 54-55. In addition, in Ground 21, Petitioner complains of his assignment to a specific

correctional institution for "special punishment" for fighting.  *Id.* at 55.  In

Ground 24, Petitioner alleges that prison officials have searched his

property and left it damaged or in disarray.  *Id.* at 64-65.  In Ground 25, he

alleges that personal property was taken from his cell and he was given a

fraudulent disciplinary report.  *Id.* at 66-67.  In Ground 26, he contends that

his son was improperly fondled when being searched prior to a visit and

Petitioner was threatened by officers when he complained.  *Id.* at 69-72.  In

Ground 27, he alleges that he is denied the ability to safely and effectively

shave.  *Id.* at 72-73.  In Ground 28, he contends that he is denied the ability

to use the telephone to make collect calls.  *Id.* at 73.  In Ground 31, he

contends that he is denied religious freedom.  *Id.* at 80-81.  In Ground 33,

Petitioner complains of the prison grievance process concerning use of the

law library.  *Id.* at 83-84.  In Ground 36, he argues that he was retaliated

against for filing a grievance about officers inappropriately touching his son

during a pre-visit search.  *Id.* at 91-92.  Finally, in Ground 38, Petitioner

contends that his rights are violated by being made to perform labor while

incarcerated.  *Id.* at 94-95.

These claims are not cognizable in § 2254 habeas proceedings.  To

obtain relief under § 2254, the state prisoner must show that an

adjudication of the state court resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  "Importantly, there is a 'line of demarcation' between habeas claims and civil rights claims. . . .  So, when an inmate raises a challenge to the 'circumstances of his confinement' rather than the execution of his sentence, the claim should be brought in a civil rights action rather than a habeas petition."  Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013) (unpublished) (citing Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (comparing 28 U.S.C. § 2254 habeas claims and civil rights claims)).  "The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence.  When an inmate challenges the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983."  Hutcherson, 468 F.3d at 754 (citing Hill v. McDonough, 547 U.S. 573, 579 (2006)).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of

confinement may be presented in a § 1983 action." <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004). "[T]hese avenues are mutually exclusive. . . ." <u>Hutcherson</u>, 468 F.3d at 754. Thus, the Court should dismiss a habeas claim that is available under § 1983. <u>Kerlin v. Barnard</u>, 742 F. App'x 488, 488-89 (11th Cir. 2018) (unpublished).

Petitioner's claims in all these grounds complain of circumstances of Petitioner's confinement and do not raise claims challenging the fact or duration of his confinement. Accordingly, these grounds are not cognizable in a § 2254 proceeding and should be dismissed without prejudice.

## Ground 22: Failure to File Speedy Trial Notice

Petitioner, in a lengthy and disorganized recitation, appears in the main to contend that both his defense attorneys rendered ineffective assistance by failing to move for speedy trial. ECF No. 12 at 57-59. He states that he did not exhaust this claim in state court because the trial judge was prejudiced against his litigation. *Id.* at 59. To excuse the failure to exhaust, petitioner must show an external impediment prevented him from raising the claim. Petitioner has not shown cause or any impediment that prevented him from raising this claim, nor has he shown any prejudice. A federal court may grant a habeas petition on a procedurally defaulted claim without a showing of cause or prejudice if necessary to correct a

fundamental miscarriage of justice.  <u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11th Cir. 2003).  However, to satisfy the miscarriage of justice exception, Petitioner must show that a constitutional violation has occurred that "probably resulted in a conviction of one who is actually innocent"— that it is more likely than not that no reasonable juror would have convicted him—which is a stronger showing than is necessary to establish prejudice. *See* <u>Schlup</u>, 513 U.S. at 327.  These showings have not been made.

Notwithstanding the procedural default, the claim should be denied. Even assuming his first attorney should have moved for speedy trial, no facts have been alleged to demonstrate that Petitioner was prejudiced.  His first attorney determined that a continuance was necessary in order to properly prepare for trial and a continuance was granted.[18]  Ex. A at 13, 14. Thus, if a speedy trial had been demanded after that, it would have been denied as speedy trial was waived in the motion.  Even if subsequent counsel had filed a notice of expiration of the speedy trial period and demanded a speedy trial, there is no reasonable probability in light of settled Florida law that the trial court would have granted a demand for

---

[18] Petitioner's first counsel moved for a continuance before speedy trial expired and was subsequently allowed to withdraw.  His second counsel was appointed after speedy trial time had expired.

discharge based on failure to provide a trial within time frame set by the state rule.

Florida Rule of Criminal Procedure 3.191(p)(3) (2004) provides in pertinent part: "No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days." Under Florida law, in order to show prejudice from counsel's failure to give notice that speedy trial period has expired, a defendant must allege facts showing that the State could not have brought the defendant to trial within the recapture period. *See, e.g.*, Remak v. State, 142 So. 3d 3, 6 (Fla. 2d DCA), *rev. denied*, 153 So. 3d 908 (Fla. 2014). Such facts have not been alleged. Thus, Petitioner has not provided any basis to conclude that, but for counsel's failure to file a motion for speedy trial or a motion for discharge based on Rule 3.191, he would not have been tried or that the trial court would have granted a discharge.

Petitioner also argues that if speedy trial had been demanded and provided, the State would not have been able to amend the Information. ECF No. 12 at 57. The Information contained in the record provided with the Respondent's answer is not an amended Information. *See* Ex. A at 11.

However, Petitioner provided a copy of an Amended Information with his amended petition.  *See* ECF No. 12-2 at 45.  The Amended Information charges the same crime as was charged in the original Information and only adds a specification of a statutory subsection without changing the offense or the degree of the offense.  *Compare* ECF No. 12-1 at 45 *with* Ex. A at 11.  Petitioner does not explain how the amendment in the Amended Information was prejudicial to him or departed from the original charge of home invasion robbery.  Moreover, the state is not prohibited from amending an information even after the speedy trial time expires if the amendment does not charge a new crime.  *See, e.g.,* Pezzo v. State, 903 So. 2d 960, 962 (Fla. 1st DCA 2005) (holding that the State may amend an information after the speedy trial time expires but may not lie in wait until that time to levy new charges if those charges arise from the same facts giving rise to the original charge).  Thus, even if defense counsel had moved for speedy trial, or for discharge after speedy trial ran, the State would not have been precluded from filing the Amended Information in this case, which did not levy a new charge.  Ground 22 is without merit and, regardless of the procedural default, should be denied.

## <u>Ground 23: Due Process and Cumulative Error</u>

It is almost impossible to ascertain one main claim in this ground.[19]
Respondent concludes that the main thrust of the claim is delay between
his original sentence and the correction of his sentence after a Rule 3.800
motion to correct sentence to clarify that the HFO designation only applied
to the sentences in case number 2003CF2275.  ECF No. 38 at 94.  To the
extent that is a part of the claim, it is without merit because no prejudice
has been shown.  That correction was made before Petitioner completed
any part of his sentence.

However, due to the multitude of allegations of violation of due
process that are claimed in this ground, with no one claim being made the
true focus, this claim appears to be more of a cumulative error claim and
will be addressed as such.  The Eleventh Circuit has rejected similar
"cumulative error" claims asserted in federal habeas actions.  *See, e.g.,*

---

[19] Petitioner refers to many unrelated complaints in this ground.  The array of
complaints in Ground 23 includes: that his HFO designation is illegal and due process
was violated in delay in correcting it; appellate court failure to consider merits on appeal;
filing of an <u>Anders</u> brief; his claim that he was offered a plea deal of 56 months while the
jury was deliberating that should be a sentence cap (see Ground 29, *infra*); deletion of
time served, later corrected; the post-conviction court's failure to enforce a subpoena;
judicial threat by circuit court judge to sentence him to the maximum if he went to trial;
vindictive sentence; falsification of records by the circuit court; falsification of records by
post-conviction assistant state attorney; the concurrent sentence given to his
codefendant; and the fact that he was stabbed while in prison.  ECF No. 12 at 60-63.

Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273 (11th Cir. 2014).

The Court in Insignares explained:

> Insignares claims cumulative error deprived him of a fair trial.
> Under the cumulative-error doctrine, a sufficient agglomeration
> of otherwise harmless or nonreversible errors can warrant
> reversal if their aggregate effect is to deprive the defendant of a
> fair trial. Morris v. Sec'y, Dep't of Corr., 677 F.3d 1117, 1132
> (11th Cir. 2012). "This court has made clear that where '[t]here
> [is] no error in any of the [trial] court's rulings, the argument that
> cumulative trial error requires that this Court reverse [the
> defendant's] convictions is without merit.' " Id. (quoting United
> States v. Taylor, 417 F.3d 1176, 1182 (11th Cir. 2005) (per
> curiam)) (alterations in original). Because we have found no
> error in the issues on appeal, Insignares has failed to show that
> the state judge lacked a reasonable basis to deny his
> cumulative-error claim.

Id. at 1284. Even if this "cumulative error" claim was cognizable on federal

habeas review, the claim provides no basis for federal habeas relief in this

case. The state post-conviction court found no basis for post-conviction

relief and the State appellate court affirmed.

Because each of the habeas claims fails, the cumulative error claim

must fail. Morris, 677 F.3d at 1132 (assuming without deciding that a

cumulative error claim is cognizable, cumulative error claim must fail as

none of the individual claims of error or prejudice has any merit, and

therefore the Court has nothing to accumulate). See also Maynard v.

Sec'y, Dep't of Corr., No. 16-16040-C, 2017 WL 4457447, at *3 (11th Cir.

May 30, 2017) (not reported); Finch v. Sec'y, Dep't of Corr., 643 F. App'x

848, 853 (11th Cir.) (unpublished), *cert. denied*, <u>Finch v. Jones</u>, 137 S. Ct.

519 (2016); <u>United States v. Gamory</u>, 635 F.3d 480, 497 (11th Cir. 2011);

<u>Forrest v. Fla. Dep't of Corr.</u>, 342 F. App'x 560, 565 (11th Cir. 2009)

(unpublished).  Because neither the State courts nor this Court has found

any constitutional error in the issues raised by Petitioner, to the extent

Ground 23 is a cumulative error claim, it should be denied.

**<u>Ground 29: Due Process and IAC</u>**

In this ground, Petitioner again repeats a multitude of complaints,

including the legality of his HFO sentence, the failure of the post-conviction

court to enforce a subpoena, general misconduct of the prosecutor and the

State's post-conviction counsel, vindictive sentencing, and <u>Anders</u> brief on

direct appeal.  ECF No. 12 at 74-77.  These claims were included in some

form in earlier grounds and discussion of them will not be repeated here.  If

there is any one issue that is a main focus of the ground and which has not

been included in earlier grounds, it is the claim that trial counsel rendered

ineffective assistance by allowing the jury to return a verdict even though,

Petitioner contends, he was made and accepted a plea offer conveyed to

him by his counsel during jury deliberations for a sentence of 56 months.

Petitioner raised the claim of ineffective assistance of counsel in

relation to this alleged plea offer in his August 30, 2010, motion for post-

conviction relief. Ex. TT at 9. He argued that the trial court initiated plea

negotiations and the prosecutor submitted a plea offer during jury

deliberations. *Id.* He contended that the prosecutor sent Petitioner's trial

counsel to the holding cell with a final plea offer of 56 months, which was

approved by the court. *Id.* Petitioner stated, "The Affiant accepted the plea

with the condition that the five felonies that Affiant had no part in be struck

from the agreement." *Id.* He argued that in light of the offer of a 56-month

sentence that the court approved, and the fact that the court later

sentenced him to 45 years, his trial counsel rendered ineffective assistance

by standing by silently and not raising the plea offer issue at sentencing.

*Id.*

The post-conviction court granted an evidentiary hearing on this claim

and a hearing was held on December 7, 2010. Ex. VV at 373-503. At the

hearing, the trial prosecutor testified that there was no plea offer made

during jury deliberations. He explained:

> A. And I've gone through the entire file and there was
> nothing in there to reflect that there was. In nearly 27, years as
> a prosecutor I have never made an offer of a plea once a jury
> went out and in this case it was an enhancement case. I
> certainly would not have made a plea offer that was a departure
> offer even if I made one, so no, sir, there was no plea offer.

Ex. VV at 439. He also disputed Petitioner's account that the case was on

the verge of a hung jury. *Id.* at 440. Petitioner's trial counsel also testified

at the evidentiary hearing that he did not recall there being an offer. *Id.* at 427.

The postconviction court denied the claim in an order entered on January 17, 2012. Ex. UU at 336-38. The court found, in pertinent part, that no such offer was given to Petitioner during trial. *Id.* at 336. Petitioner appealed to the First District Court of Appeal in case number 1D12-456, but the appeal was dismissed on June 18, 2012, for failure to comply with the appellate court's order to file an initial brief. Ex. T. Rehearing was denied. Even though Petitioner did not exhaust this claim in all the appropriate state courts, the claim is without merit and should be denied.

Under § 2254(d), federal courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Lonberger, 459 U.S. at 434; Consalvo, 664 F.3d at 845. The post-conviction court heard testimony regarding this claim and, making a credibility determination, concluded that the plea offer was not made and, accordingly, that trial counsel did not render ineffective assistance. As noted earlier, the federal court employs a " 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' " Pinholster, 563 U.S. at 181 (quoting Woodford, 537 U.S. at 24). Habeas corpus is a "guard

against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment).  A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.  Richter, 562 U.S. at 103.  This showing has not been made.

Because Petitioner has not demonstrated that the adjudication of the state court resulted in a decision that was contrary to or involving an unreasonable application of any federal law as determined by the Supreme Court or an unreasonable determination of the facts in light of the record, habeas relief on Ground 29 is not warranted and the ground should be denied.

## Ground 30: IAC for Failure to Present Witnesses and Failure to Object

Petitioner makes several allegations in this ground, but the main argument appears to be that his trial counsel rendered ineffective assistance by failing to present any expert medical or crime scene witnesses to prove that the marks on the neck of the victim were not made by him but by a left-handed person such as his codefendant or that the

marks were birth marks.  ECF No. 12 at 79.  He argues in support that this evidence, if presented, would have bolstered his contention that he never entered the house.  *Id.*  He adds arguments that trial counsel rendered ineffective assistance by failing to object to the testimony of a witness who was not listed in a discovery exhibit and that he was denied an operational law library at his correctional institution, which impaired his ability to present his arguments on appeal in the state court.[20]  *Id.* at  79-80.  He does not indicate that these claims were raised in any state court proceedings.  Notwithstanding the procedural default, the claims should be denied as without merit.

Petitioner proffers no facts to support his allegation that a medical or crime scene expert would testify that he could not have made the marks on the victim's neck.  He also suggests that such witnesses would support his claim that he did not enter the home during the home invasion robbery, but this contention is belied by his own testimony which referred to a letter he wrote the female victim apologizing and saying he "didn't want to be there."  Ex. D at 247.  The letter, admitted into evidence as Exhibit 18, stated that he saw the victim during the robbery and placed his hand on her back and

---

[20] This claim regarding access to a law library has been addressed and provides no basis for habeas relief in this proceeding.  *See* Grounds 16, 33, *supra.*

prayed.  Ex. H at 50.  During his testimony, he also admitted entering the home and putting his hands on the victim, but not her neck, and only to protect her when the codefendant began swinging an axe at the other victim who emerged from a bedroom.  Ex. D at 207-10

Thus, even if trial counsel had presented witnesses to dispute the source of the marks on the victim's neck, no reasonable probability has been presented that such testimony would have proved Petitioner was not present and participating during the robbery.  During his testimony, he also admitted taking items from the home, leaving with the codefendant in the stolen car, and fleeing on foot from police when the car crashed during a chase.  Ex. D at 214-22.  This aspect of his claim lacks merit.

Petitioner also makes a brief reference to trial counsel's failure to object to testimony of a witness not listed in discovery.  ECF No. 12 at 79. A similar claim was raised in his motion for post-conviction relief filed on August 30, 2010, and summarily denied.  Ex. TT at 8; Ex. UU at 77.  The post-conviction court noted that Petitioner failed to identify the undisclosed witness.  In his claim in this Court, he also fails to identify the undisclosed witness, but he is referring to the codefendant, whose name does not appear on a discovery list dated December 16, 2003, which is attached as

an exhibit to Petitioner's amended § 2254 petition.[21]   *See* ECF No. 12-2 at

96.  Although the claim was not fully exhausted by presentation of the

constitutional issue to each appropriate state court, it is without merit and

should be denied.

The record does not contain copies of all the discovery documents

and any additional witness lists, so it is not apparent that the State never

listed the codefendant as a witness.  Moreover, even if objection had been

made and a hearing held on the failure to list the codefendant, Petitioner

has not shown what evidence he could have presented to demonstrate

prejudice and the lack of any remedy less severe than exclusion of the

witness.  The Florida Supreme Court has explained: "We are mindful that

Florida Rule of Criminal Procedure 3.220(n)(1) authorizes a trial court to

exclude evidence as a sanction for a violation of the discovery rules, but

this sanction should only be imposed when there is no other adequate

remedy."  McDuffie v. State, 970 So. 2d 312, 321 (Fla. 2007).  Under

Florida law, failure to conduct a "Richardson hearing" on a discovery

violation is not per se reversible, Smith v. State, 7 So. 3d 473, 505-06 (Fla.

---

[21]  In Petitioner's reply, he identifies his co-defendant as the witness at issue.
ECF No. 49 at 25.

2009), and prejudice must be demonstrated.[22]  <u>Lowe v. State</u>, 259 So. 3d 23, 40 (Fla. 2018).  Further, even if the codefendant had not been allowed to testify, the victims identified Petitioner as one of the perpetrators and he was arrested in possession of stolen property after fleeing the scene.

Petitioner has not provided any basis to show a reasonable probability that, but for any error of counsel in failing to object to the testimony of the codefendant on grounds that he was not disclosed in discovery, the codefendant would not have been allowed to testify at his trial and the result of the proceeding would have been different. Entitlement to federal habeas relief under § 2254 has not been shown and relief under Ground 30 should be denied.

## Ground 32: Due Process at Evidentiary Hearing

Petitioner appears to be alleging that the transcript of the evidentiary hearing held December 7, 2011, on three claims in his August 30, 2010, post-conviction motion is "altered and inaccurate."  ECF No. 12 at 81.  He argues that as he was representing himself as "first chair" with standby counsel as "second chair."  *Id.* at 82.  He appears to contend that his standby counsel was told by the judge to "sit down" and that Petitioner

---

[22] <u>Richardson v. State</u>, 246 So. 2d 771 (Fla. 1971) (holding that trial court must conduct inquiry as to whether a discovery violation was willful or inadvertent, substantial or trivial, and whether it had a prejudicial effect).

needed to question "the codefendant." *Id.* He complains that "[p]ursuant to

jurisprudence it was Petitioner's responsibility to control second chair." *Id.*

Petitioner does not explain how this circumstance, if in fact it was not

included in the transcript, prejudiced him or deprived him of a constitutional

right. He claims no ineffective assistance of counsel. He complains

primarily of a procedural defect in the postconviction hearing that was not

apparent in the transcript.

The transcript of the hearing shows that his standby counsel was

allowed to question the codefendant with Petitioner's express permission.

Ex. VV at 458, 459-74. No objection to the alleged court's directive to

standby counsel was raised by Petitioner or counsel in the transcript, and

the claim he makes here was not presented on appeal from denial of

postconviction relief. Petitioner has failed to show any violation of due

process or prejudice arising from the conduct of his evidentiary hearing.

Moreover, the Eleventh Circuit has repeatedly held that procedural

violations and defects in state collateral proceedings are issues unrelated

to the legality of Petitioner's conviction and detention and, therefore, cannot

form the basis for habeas relief. <u>Carroll</u>, 574 F.3d at 1365 (holding that a

failure to hold state post-conviction evidentiary hearing was not a basis for

habeas relief); *see also* <u>In re Rutherford</u>, 437 F.3d at 1127 (finding

insufficient for habeas relief the petitioner's claim that the state post-

conviction court denied him due process by failing to provide mental health

records of a person the petitioner alleged had actually committed the

crime); Quince, 360 F.3d at 1262 (rejecting federal habeas petition alleging

the judge should have recused himself because the claim did not relate to

the petitioner's conviction).

In Ground 32, Petitioner also reiterates his complaint that the post-

conviction court refused to enforce a subpoena.  This claim was raised in

Ground 10 and will not again be discussed.  For all the foregoing reasons,

Petitioner is not entitled to habeas relief on this ground and Ground 32

should be denied.

## Ground 34: Denial of Public Records

Petitioner contends that he was denied public records in violation of

section 28.222, Florida Statutes, by the Clerk of the Circuit Court in Santa

Rosa County, Florida.  ECF No. 12 at 84.  He argues that he was denied a

copy of a Judgment and Sentence in a criminal case of his codefendant

and that the document would prove the trial testimony of his codefendant

was "purchased" by a favorable sentence.  *Id.*  Whether a state clerk of

court wrongfully refused to provide a copy of public documents under a

state statute is one of state law and is not cognizable in a federal habeas

corpus proceeding. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "[W]e have long recognized that 'a "mere error of state law" is not a denial of due process.' " Swarthout v. Cooke, 562 U.S. 216, 222 (2011). This claim is not cognizable in this § 2254 proceeding and should be denied.

## Ground 35: Due Process Violations in Sentencing

Petitioner appears to mainly claim in this ground that his HFO sentence in case number 2003CF2275 is illegal and that the post-conviction judge vindictively denied post-conviction relief in his January 11, 2017, order dismissing his petition for writ of habeas corpus, Ex. KK at 4-172, for raising untimely Rule 3.850 claims. Ex. KK at 173-81. Petitioner appealed denial of post-conviction relief to the First District Court of Appeal, which affirmed per curiam in case number 1D17-803 on August 9, 2017. Ex. NN. *See* Myers v. Jones, 232 So. 3d 330 (Fla. 1st DCA 2017) (table). The Florida Supreme Court dismissed the petition for discretionary review for lack of jurisdiction in case number SC17-1992. Ex. OO, PP. Petitioner also appears to contend that the post-conviction judge violated his code of conduct, as did the judges of the First District Court of Appeal, by not

agreeing with him in any of his challenges to his HFO sentence that the sentence was illegal.[23]  ECF No. 12 at 86-87.

Petitioner's arguments concerning the legality of his HFO sentence, the omission and restoration of his jail time served, his repeated motions to correct sentence, multiple postconviction motions and petitions for writs of habeas corpus, and unsuccessful state appeals are all discussed in the preceding grounds.  He filed five motions or petitions seeking post-conviction relief.  *See* Ex. P at 1; Ex. TT at 1; Ex. Z; Ex. BB; Ex. KK at 4. He filed four motions to correct sentence.  *See* Ex. E at 94; Ex. F at 129; Ex. U at 1; Ex. EE at 1.  Petitioner fails to clearly identify where in any of these filings, or in any appeals, he raised a claim of vindictive refusal to rule.  He identifies only an order entered by the post-conviction judge on May 5, 2015, Ex. EE at 179, denying rehearing of his Order on Defendant's Motion to Correct Illegal Sentence and Directions to Clerk entered on April 2, 2015.  *See* Ex. EE at 99.  In the order on the motion to correct sentence, the post-conviction judge found that the HFO sentence in case number 2003CF2275 was not illegal but that the proper amount of jail credit had been rescinded in an amended judgment and sentence.  Ex. EE at 100.

---

[23] Petitioner also reiterates many of the recurring complaints he has raised throughout his amended petition, which will not be reiterated here.

He ordered that jail credit to be reinstated.  *Id.*  In the order denying

rehearing, cited by Petitioner in this Ground 35, the judge stated that he did

not overlook Petitioner's argument that the HFO sentences were illegal on

the ground that the two prior predicate felony offenses were entered on the

same day at the same sentencing.  Ex. EE at 179.  The post-conviction

judge stated that the argument had not been overlooked and that the two

predicate offenses had originally been sentenced in two separate

proceedings on two separate dates.  Ex. EE at 180.  Petitioner appealed

the ruling that the HFO sentences were not illegal and the appellate court

affirmed per curiam without opinion on December 1, 2015.  Ex. HH.

    To obtain § 2254 relief, Petitioner must demonstrate that a state court

adjudication resulted in a decision that is contrary to or an unreasonable

application of federal law as determined by the Supreme Court or an

unreasonable determination of the facts in light of the state court record.

Neither showing has been made.  Nothing provided by Petitioner in the

amended petition or in the record of the state court proceedings provides a

basis to extend federal habeas relief on Ground 35 and the ground should

be denied.

## Ground 37: Misadvice in Plea at Violation of Probation Hearing

Petitioner contends here that his initial defense counsel rendered ineffective assistance at the violation of probation hearing on October 16, 2003, in case numbers 2001CF1602 and 2003CF1281 at which Petitioner was placed on community control.  He argues counsel told him incorrectly that he could operate his personal contracting business and could keep his inherited gun collection.  He argues that but for that misadvice, he would not have entered the plea.  ECF No. 12 at 92.  He contends that when confronted with this error, his public defender said he would have the plea immediately withdrawn.  *Id.* at 93.  Petitioner states that, contrary to his attorney's assurances, the attorney did not seek to withdraw the plea until several days later.  Petitioner argues that but for the misadvice of counsel and the entry of the plea to violation of probation, he would not be currently serving an unlawful sentence.  The reasoning behind this claim is not explicated in the ground.  Petitioner concedes this claim is unexhausted. *Id.* at 94.

Regardless of the procedural default, the claim is without merit and should be denied.  First, Petitioner cannot demonstrate that but for a plea admitting violation of probation, he would not have been found to have violated probation in a contested hearing and sentenced accordingly.

Second, Petitioner entered into an original plea agreement in December 31, 2001, in case number 2001CF1602, in which he agreed to terms of probation, including that he will own no weapons and that he will not change his employment without approval.  Ex. EE at 215-219.  The 2003 terms of which he asserts ignorance were, therefore, known to him based on his prior probationary conditions.  Moreover, in the plea agreement he signed when placed on community control after violation of probation, that agreement stated that when on community control, Petitioner would have to abide by all standard conditions of probation.  Ex. SS at 3.  Although he alleges his counsel gave him affirmative erroneous advice, Petitioner did not seek to establish that fact in the circuit court.

Because he has failed to demonstrate that his counsel's representation was deficient and that, but for the alleged error, the outcome of the proceeding would be different, he fails to establish entitlement to habeas relief under § 2254.  Habeas relief on Ground 37 should be denied.

## Conclusion

Based on the foregoing, Petitioner Eric Scott Myers is not entitled to federal habeas relief.  Accordingly, the amended § 2254 petition (ECF No. 12), except for those grounds listed below, should be denied.  Grounds 20,

21, 24, 25, 26, 27, 28, 31, 33, 36 and 38 should be dismissed without prejudice.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## **Recommendation**

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the amended § 2254 petition (ECF No. 12) except for Grounds 20, 21, 24, 25, 26, 27, 28, 31, 33, 36 and 38, which should be **DISMISSED without prejudice**.

It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 14, 2019.

**s/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not**

**control**.  **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**